Adams v. Kan. & Tex. Coal Co.

J. A. ADAMS, Respondent, v. KANSAS & TEXAS COAL COMPANY, Appellant.

Kansas City Court of Appeals, November 5, 1900.

1. **Mines and Mining: MASTER AND SERVANT: NEGLIGENCE: CONTRIBUTORY NEGLIGENCE: PROPS.** A miner knowing that the operator had not furnished props as requested is not guilty of contributory negligence in continuing to work unless the roof is patently unsafe, and he is not forced to quit work or accept the harmful results.

2. ———: ———: PLEADING: STATUTE: ACTION AND DEFENSE. A petition under section 7074, Revised Statutes 1889, for failure to furnish props whereby the plaintiff was injured need not state that the danger of the situation was unknown to the plaintiff or resulted from an unanticipated cause or that the plaintiff was in the exercise of care, since the statute gives an action for an injury caused by the failure to furnish props when requested, and matters of defense must be pleaded in answer.

3. ———: FURNISHING PROPS: NEGLIGENCE: ACTION AND DEFENSE. If the mining has progressed far enough to suggest the propriety of propping the roof, and props are requested and refused, a liability on the part of the operator for resulting injury arises and he is not excused by a false appearance of safety which induced the miner to continue his work.

4. ———: ———: ———: ———. A miner, however, may not voluntarily and knowingly place himself in an open and patent peril any more than the operator can excuse himself by furnishing what appeared to himself and the miner to be a safe place to work.

Appeal from the Macon Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*Adiel Sherwood* for appellant.

(1) Plaintiff's petition does not allege that the danger, if any, which plaintiff incurred by remaining in his room, was unknown to him and was known to the defendant or by the exercise of ordinary care ought to have been known. Railway v. Barber, 5 Ohio St. 568; Roberts v. Smith, 2 Hurl. & Nor. Exchq. Rep. 213; Gibson v. Railway, 46 Mo. 173; Hayden v. Smithfield Co., 29 Conn. 548; Noyes v. Smith, 28 Vt. 59; Railway v. Webb, 12 Ohio St. 475; Spelman v. Fisher Co., 56 Barb. 151; Dykes v. Woodhouse, 3 Rand. (Va.) 300; Warner v. Railway, 39 N. Y. 468; Wright v. Railway, 25 N. Y. 562; Railway v. Rice, 51 Ark. 479; Railway v. Morgart, 45 Ark. 318; Railway v. Stopak, 108 Ind. 1; Railway v. Jagerman, 26 S. W. Rep. (Ark.), 592; Gaffney v. Railway, 15 R. I. 456; Railway v. Harney, 28 Ind. 32; Gilbert v. Guild, 144 Mass. 601. The servant to recover must prove that he did not know, and that the master did know. Railway v. Barber, 5 Ohio St. 568; Roberts v. Smith, 2 Hurl. & Nor. Exchq. Rep. 213; Hayden v. Smithfield Co., 29 Conn. 548; Noyes v. Smith, 28 Vt. 59; Gibson v. Railway, 46 Mo. 173; Railway v. Webb, 12 Ohio St. 475; Spelman v. Fisher Co., 56 Barb. 151; Dykes v. Woodhouse, 3 Rand. (Va.) 300; Warner v. Railway, 39 N. Y. 468; Railway v. Davis, 54 Ark. 393; Wright v. Railway, 25 N. Y. 562; Railway v. Rice, 51 Ark. l. c. 479; Railway v. Stopak, 108 Ind. 1; Bradshaw v. Railway, 21 S. W. Rep. 347. (2) It does not allege that his injury resulted from an extraordinary cause—not within the ordinary risks of the business—one which deceased could not anticipate and can not be fairly said to have assumed; nor is there any statement of facts which presents a legal excuse for taking the risk, if known to him, to overcome the presumption that he voluntarily assumed it. Patterson v. Railway, 76 Pa. St. 389; Owens v. Railway, 1 Laws (N. Y.) 108; Bauer v.

Railway, 56 Ark. 388. (3) There is no allegation that the injury occurred while the deceased was in the exercise of due care on his part to avoid injury. Railway v. Barber, 5 Ohio St. 568; Hackett v. Middlesex Co., 101 Mass. 101; Donaldson v. M. Co., 18 Iowa 281; Spencer v. Railway, 29 Iowa 55; Rusch v. Davenport, 6 Iowa 443; Hanlon v. Keokuk, 7 Iowa 448; Railway v. Eubanks, 48 Ark. 475; Railway v. Duffey, 35 Ark. 602; Randall v. Railway, 109 U. S. 475; Reed v. Stockmeyer (C. C. A.), 74 Fed. Rep. 186; Peirce v. Aclvin (C. C. A.), 82 Fed. Rep. 550; Coal Co. v. Reid, 85 Fed. Rep. 914; Miner v. Railway, 153 Mass. 398. (4) The measure of the master's duty to the servant is the exercise of ordinary care in the furnishing of appliances and instrumentalities, with which the business is conducted and also ordinary care to furnish a reasonably safe place in which to work, and exercise ordinary care in the choice and selection and retention of co-employees, but in none of these respects is the master an insurer. Railway v. Troesch, 68 Ill. 545; Chapman v. Railway, 55 N. Y. 579; Railway v. Adams, 105 Ind. 162; Railway v. Harney, 28 Ind. 32; Gordon v. Reynolds Co., 57 Hun. (N. Y.) 278; Railway v. Gaines, 46 Ark. 567; Roberts v. Smith, 2 Hurl. & Nor.. Exchq. Rep. 213; Railway v. Duffey, 35 Ark. 602; Railway v. Eubanks, 48 Ark. 475; Cheeney v. Steamship Co., 19 S. E. Rep. 35; Railway v. Jagerman, 26 S. W. Rep. (Ark.) 591; Hickey v. Staaffe, 105 N. Y. 26; Railway v. Baxter, 60 N. W. Rep. 1045; Sweeney v. Envelope Co., 101 N. Y. 525; Railway v. Harney, 28 Ind. 30; Morse v. Railway, 30 Minn. 470; Howland v. Railway, 54 Wis. 226; Railway v. Davis, 54 Ark. 393; Roberts v. Smith, 2 Hurl. & Nor. Exchq. Rep. 213; Wonder v. Railway, 32 Md. 411; Railway v. Triplett, 54 Ark. 289; Railway v. Duffey, 35 Ark. 602; Fones v. Phillips, 39 Ark. 38; Arkadelphia Co. v.

Bethea, 57 Ark. 82; Daugherty v. Superior Co., 60 N. W. Rep. 276; Bradshaw v. Railway, 21 S. W. Rep. 347; Clarke v. Holmes, 7 H. & N. 937; Railway v. Steen, 42 Ark. 321; Railway v. Huntley, 38 Mich. 546; Hubbell v. Yonkers, 104 N. Y. 439; Sutton v. Railway, 66 N. Y. 249; Dougan v. Trans. Co., 56 N. Y. 7, 8; Del Sejnore v. Hallinan, 153 N. Y. 274; Elevator Co. v. Carlson, 69 Ill. App. 212; Monfortner v. Brick Co., 71 N. W. Rep. 586; Sakol v. Richol, 71 N. W. Rep. 883; Morse v. Railway, 30 Minn. 470; Railway v. Davis, 54 Ark. 393; Railway v. Eubanks, 48 Ark. 475; Railway v. Freeman, 36 Ark. 41; Railway v. Steen, 42 Ark. 321; Arkadelphia Co. v. Bethea, 57 Ark. 82; Jones v. Lumber Co., 23 S. W. Rep. 679; Railway v. Allen, 78 Ala. 504; Railway v. Huntley, 38 Mich. 546; Railway v. Sims, 80 Ga. 755; Hickey v. Staaffe, 105 N. Y. 26; Sweeney v. Envelope Co., 101 N. Y. 525. (5) The demurrer to the evidence ought to have been sustained. The danger of rocks falling from the roof of his room—his working place of which he had entire control—was an ordinary risk of the service which he undoubtedly assumed. Watson v. Coal Co., 52 Mo. App. 366; Epperson v. Tel. Co., 50 S. W. Rep. 803; Marshall v. Press Co., 69 Mo. App. 260; Fugler v. Bothe, 117 Mo. 475; Aldridge v. Furnace Co., 78 Mo. 559; Keegan v. Kavanaugh, 62 Mo. 232; Hulett v. Railroad, 67 Mo. 239; Burnes v. Railroad, 129 Mo. 41; Dovlin v. Railroad, 87 Mo. 545; Porter v. Railroad, 71 Mo. 66; Conroy v. Iron Works, 62 Mo. 35; Condon v. Railroad, 78 Mo. 567; Seila v. Railroad, 82 Mo. 435. (6) The master is not required to keep a special watch over the servant and warn him of ordinary dangers to which he may be subject in the performance of his ordinary duties. Ring v. Railway, 112 Mo. 220; Bauer v. Railway, 56 Ark. 388; Arkadelphia Co. v. Bethea, 57 Ark. 82; Wright v. Railway, 25 N. Y.

566; Coullard v. Tecumseh Mills, 151 Mass. 85. Not only this, but the failure to furnish props must have been the sole cause of the injury, because from the allegations of the petition, plaintiff is relying solely upon a failure to perform a statutory duty and nothing is better settled than that the negligence alleged must be the proximate and not the remote cause of the injury. Henry v. Railway, 76 Mo. 288; Kuhn v. Jewett, 32 N. J. Eq. 647; Breen v. Cooperage Co., 50 Mo. App. 213; Brown v. Lumber Co., 65 Mo. App. 166; Current v. Railway, 86 Mo. 62; Wolff Co. v. Wilson, 152 Ill. 9; Clark v. Fairley, 100 Mo. 236; Kain v. Railway, 29 Mo. App. 53. And "no negligence can be predicated on a defect equally obvious to the master and servant." Berning v. Medart, 56 Mo. App. 450; Devitt v. Railway, 50 Mo. 302; Marshall v. Press Co., 69 Mo. App. 260. (7) And in addition, he was guilty of contributory negligence in not heeding the warning of his partner, Stephen McCarty, who warned him that the rock above was loose. And contributory negligence is always a good defense. Railway v. Davis, (C. C. A.), 53 Fed. Rep. 61; Aerkfetz v. Humphreys, 43 U. S. 418; Railway v. Schumacher, 152 U. S. 77; Callaghan v. Railway, 11 Fed. Rep. 541; Miller v. Railway, 4 Fed. Rep. 768; Holland v. Railway, 18 Fed. Rep. 243; Nelling v. Railway, 63 N. W. Rep. 568; Maxey v. Railway, 113 Mo. 1; Hayden v. Railway, 124 Mo. 566; Kelsay v. Railway, 129 Mo. 374; Loring v. Railway, 128 Mo. 349; Payne v. Railway, 136 Mo. 576; Huggart v. Railway, 134 Mo. 673; Sinclair v. Railway, 133 Mo. 233; Coal Co. v. Reid, 85 Fed. Rep. 914; Lenk v. Coal Co., 80 Mo. App. 374; Railway v. Aspell, 23 Pa. St. 147; Railway v. Callaghan, 56 Fed. Rep. 989; Coyne v. Railway, 133 U. S. 370; Railway v. Jones, 95 U. S. 474, and cases just cited.

*R. S. Matthews, Otho F. Matthews* and *R. W. Barrow* for respondent.

(1) This is not a common-law action but a statutory action brought under sections 7074 and 7076 of the Revised Statutes of Missouri, and as amended by the legislature in session acts of 1891. The authorities cited by appellant in his brief are not applicable to this case. (2) The petition meets all the requirements of the laws in Missouri. (3) This is an action based on a violation of a statute. The statutes upon which the case rest sections 7074 and 7076, Revised Statutes 1889, as amended in Session Acts, October, 1891, at page 182, are constitutional and intended for the protection and safety of the miners, and should be enforced by the courts. Leslie v. Coal & Mining Co., 110 Mo. 31; DeBoth v. Coal & Mining Co., 141 Mo. 497; Hamman v. Coal & Coke Co., 156 Mo. 232. (4) Mere knowledge by plaintiff that his room needed props, where he had reported his needs to the defendant and defendant had promised to furnish them, will not defeat plaintiff's recovery, when the danger did not threaten immediate injury. Conroy v. Iron Works, 62 Mo. 35; Keegan v. Kavanaugh, 62 Mo. 230; Flynn v. Railroad, 78 Mo. 195; Stephens v. Railroad, 96 Mo. 207; Huhn v. Railroad, 92 Mo. 443; Donahoe v. Kansas City, 136 Mo. 657; Hamilton v. Mining Co., 108 Mo. 364, loc. cit. 375. (5) Even if plaintiff knew that the roof of his room was defective, and needed props, and that there was risk in using it, yet such knowledge on plaintiff's part will not defeat a recovery unless the danger was so imminent as to threaten immediate injury, so that no man of prudence would attempt to use it. Smith v. Coal Co., 75 Mo. App. 177; Stoddard v. Railway, 65 Mo. 514; Delvin v. Railway, 87 Mo. 545; Huhn v. Rail-

way, 92 Mo. 440; Hamilton v. Mining Co., 108 Mo. 364; O'Mellia v. Railway, 115 Mo. 205; Holloran v. I. & F. Co., 133 Mo. 470; Doyle v. M., K. & T. Co., 140 Mo. 1, l. c. 19; Huhn v. Railroad, 92 Mo. 440; Mahaney v. Railroad, 108 Mo. 191; Stephens v. Railroad, 96 Mo. 207; Soeder v. Railroad, 100 Mo. 673. (6) Knowledge by plaintiff that defendant has failed to perform its statutory duty as to providing safeguards at mines will not defeat plaintiff's recovery. "Such a construction would nultify the statute." Durant v. Coal Mining Co., 97 Mo. 62.

ELLISON, J.—The plaintiff sued the defendant in the Macon county circuit court for damages alleged to have been occasioned by personal injuries received while at work for defendant as a miner in its coal mines. He recovered a judgment. Plaintiff was a miner of experience and while engaged at work a rock in the roof of the mine fell upon him inflicting the bodily injury of which complaint is made. The statute of this state section 7076, Revised Statutes 1889, reads that: "The owner, agent or operator of any mine shall keep a sufficient supply of timber, when required to be used as props, so that the workmen may at all times be able to properly secure the said workings from caving in and it shall be the duty of the owner, agent or operator to send down all such props when required." The same statute, section 7074, as amended in Laws 1891, page 182, gives the miner a right of action for damages arising from a failure to furnish such props when required.

The evidence tends to show that plaintiff made repeated requests of defendant's pit boss for props during five or six days immediately preceding the injury and that the boss failed to furnish them. That if he had furnished them plaintiff would have put them in place in support of the roof

and the accident would not have happened. On the other hand, the evidence also tends to show that plaintiff with knowledge of the failure to furnish the props continued to work in the mine and that he examined the roof and concluded he could do so in safety. In this conclusion the result showed him to be mistaken. If such examination had disclosed to his judgment that the roof was patently unsafe and that he could not continue his work without imminent peril, there would have been room for application of defendant's contention that he could not recover on account of his contributory negligence in continuing to work under such conditions. Notwithstanding that plaintiff knew defendant had not furnished the props as requested, yet as the danger from lack of them was not open and patent and did not appear imminent, he was not forced to quit work, or else to accept harmful results without complaint. Such is the rule in this state, as is shown by a long line of decisions in the supreme court and the courts of appeals. Conroy v. Iron Works, 62 Mo. 35; Keegan v. Kavanaugh, 62 Mo. 230; Flynn v. Railway, 78 Mo. 195; Stephens v. Railway, 96 Mo. 207; Huhn v. Railway, 92 Mo. 443; Hamilton v. Mining Co., 108 Mo. 364. This view of the law has been lately upheld in the supreme court in an opinion by Judge BURGESS. Hamman v. Coal & Coke Co., 156 Mo. 232.

One of defendant's principal contentions is that plaintiff's petition fails to state a cause of action in that it does not allege the danger of plaintiff's situation was unknown to him; or, that the danger resulted from an extraordinary cause which could not be anticipated by plaintiff; or, that plaintiff was, at the time of the injury, in the exercise of ordinary care. The answer to these positions is that this action is statutory and is based on defendant's violation of a statute whereby it was made its duty to keep a sufficient supply of

props for use in the mine and to send them into the mine when required. A failure to comply with such duty gave to the injured party a right of action for the damages sustained by reason of such failure. In an action on this statute a petition is sufficient which, in apt terms, states the facts showing a violation of the statute and an injury resulting therefrom. This petition meets this requirement. It alleges plaintiff's employment in defendant's mine, his injury while at work and how it occurred. It alleges defendant's duty under the statute aforesaid, plaintiff's repeated request for the props and defendant's failure to perform such duty whereby, by reason of such failure, the injury therein described resulted. If for any legal reason plaintiff is not entitled to recover notwithstanding defendant's unlawful conduct, it should be brought forward by defendant's pleading.

It is further urged that the evidence fails to make out a cause of action. We think this contention also loses sight of the influence of the statute on the question. Thus notwithstanding it be admitted that plaintiff had equal means of observation with defendant and that he examined and tested the roof by tapping on it with his pick, thought it was safe and continued his work; and even though it be conceded that it did appear to be safe, yet if coal had been taken out to such an extent as to leave a space of roof, as in this case, large enough to reasonably suggest that it should be propped, and props were requested and refused, then a liability was incurred for resulting injury. In such state of case the defendant can not be allowed to excuse itself by reason of false appearance of safety. If it could the statute would be of no importance or beneficial consequence to miners. The statute imposes the duty to furnish these props on request of the miner and when it fails to perform that duty *it* assumes the risk of resulting accident.

We do not mean to state that when the mine operator violates his statutory duty to furnish props on request of the servant such servant may voluntarily and knowingly place himself in peril which is open and patent to the observation of any reasonable man, for that would amount to self inflicted injury. But the statute was intended (when violated) to cut off the excuse of the operator that he had furnished what he thought was and what appeared to be a safe place to work, even though the servant also thought it was safe, if he nevertheless, out of reasonable caution against accident, had demanded the props.

We consider the instructions placed plaintiff's case properly before the jury. Those for defendant were of such exceeding liberal character in its behalf that no complaint should be made of them.

The judgment is affirmed. All concur.