GEORGE W. RUNYAN, Respondent, v. THE MARCELINE COAL & MINING CO., Appellant.

Kansas City Court of Appeals, December 21, 1914.

1. DAMAGES: Mines and Mining: Failure to Furnish Props: Contributory Negligence. A miner requested props but they were not furnished as required by the statute, Sec. 473, R. S. Mo. 1909. He had removed the dirt beneath the vein of coal for a distance of twenty-three inches back from the face of the coal and for twenty feet along the vein. Notwithstanding the failure to receive props, he seated himself at one end of this coal and began cutting through. The evidence showed that when coal is prepared in this way, the method pursued to

get it down is to cut through the vein and then pry it loose from the wall or ceiling to which it hangs; that while there was danger of the coal falling on account of a lack of props, it was not so openly dangerous as to threaten immediate danger so that no reasonable man would have attempted to work there. *Held*, that the question of contributory negligence was for the jury.

2. ———: ———: ———. Since the suit is on the failure to furnish props as required by the statute, plaintiff ought not to be denied recovery as a matter of law, unless the danger of the situation was so apparent and imminent that plaintiff's placing himself therein would amount to self-inflicted injury. He ought not to be denied recovery merely on a showing that there was some risk attending the further prosecution of the work, and that he assumed that risk.

3. ———: Pleading. It is immaterial whether defendant pleaded contributory negligence or not when the proof offered to sustain plaintiff's cause of action contains and reveals the alleged negligence relied upon by defendant as contributory. In such case defendant is entitled to have the law of contributory negligence applied whether it was pleaded or not.

4. EVIDENCE: Objection to Testimony. Unless an objection to testimony offered or to a question asked specifies a valid ground therefor, the overruling of such objection will not constitute reversible error.

5. ———: Admissions. Where witnesses testify that plaintiff shortly after his injury made statements tending to show that he was guilty of contributory negligence, and plaintiff does not deny them, the fact that he made such statements is to be taken as true. But plaintiff is not to be conclusively bound by them where they were not statements of a fact but rather conclusions of law and the contention that they defeat a recovery rests upon an inference to be drawn from them.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.·

AFFIRMED.

*C. M. Kendrick, A. W. Mullins* and *H. J. West* for appellant.

*Burns, Burns & Burns* and *J. M. Davis & Son* for respondent.

TRIMBLE, J.—Plaintiff was a miner at work in defendant's coal mine. While so engaged he was injured by a fall of coal upon his leg. He brought suit to recover damages alleging that his injury was caused by the defendant's failure to furnish props when requested, as it is required to do by section 8473, Revised Statutes 1909. He recovered judgment, and defendant has appealed complaining of a number of alleged errors.

Defendant's chief point is that its demurrer should have been sustained for the reason that the evidence conclusively shows plaintiff to have been guilty of contributory negligence. It is immaterial whether defendant's answer pleaded contributory negligence or was merely an allegation denying plaintiff's cause of action. Plaintiff claims it was only the latter. But since the alleged negligence of plaintiff relied upon by defendant to relieve it of liability, if shown at all, is revealed by plaintiff's own evidence, defendant is entitled to receive the benefit of such a defense regardless of whether or not it is pleaded in the answer. [Ramp v. Metropolitan St. Ry. Co., 133 Mo. App. 700, l. c. 702; Cain v. Wintersteen, 144 Mo. App. 1, l. c. 5.]

A certain segment of the face of the coal was assigned to plaintiff as his "room" or working place. In it he was in full charge and control. No one worked or had authority in there except himself. Plaintiff had mined under and removed the dirt from beneath the vein of coal for a distance of twenty-three inches back from the face of the coal and for a distance of twenty feet along the vein. Defendant's charge of negligence, which it claims is sufficient to defeat recovery, is that plaintiff then seated himself at one end of this overhanging ledge of coal and began cutting through the vein thus causing the coal to fall upon him. But the danger from the fall of coal was not so patent and imminent as the above statement would seem to indicate. The evidence shows that when a

course of coal has been prepared or exposed in this way, the method pursued to get it down is to cut through the vein at one end *and then pry it loose* from the wall or ceiling to which it clings. The evidence, viewed in the light most favorable to plaintiff, which we must do before saying as matter of law that his negligence precludes his recovery, tends to show that while there was danger on account of a lack of props, yet it was not so openly dangerous as to threaten immediate injury so that no reasonable man would have attempted to work there. In such case the question of plaintiff's right to recover and of his contributory negligence should be left to the jury. [Hamman v. Central Coal and Coke Co., 156 Mo. 232; McKinnon v. Western Coal etc. Co., 120 Mo. App. 148, l. c. 162; Adams v. Kansas etc. Coal Co., 85 Mo. App. 486.] In addition to this, since the suit is on a cause of action for failure to furnish props as required by a statute it will not do to apply the rules of contributory negligence or assumption of risk with the same strictness as in actions for common-law negligence. This would in effect nullify the statute. Unless, therefore, the danger was so apparent and imminent that plaintiff's placing himself therein would amount to self-inflicted injury, he ought not to be denied recovery merely on a showing that there was some risk attending the further prosecution of the work, and that he assumed that risk. There was proof that he asked for props on the 7th and again on the morning of the 8th and went to the place where the props were accustomed to be delivered but they were not there; that it usually took from an hour and a half to two hours to furnish props after demanding them; that they were not furnished and that he was hurt about two hours after he had made his *second* request for props. It is true defendant's witness says he made no request for props but as to which one was telling the truth was for the jury to determine. There was, therefore, substantial

testimony to support the verdict and we are not justified in holding that plaintiff failed to make out a case.

It is next insisted that error was committed in allowing plaintiff to answer the following question: "Did you at the time (when plaintiff was cutting the vein) as an experienced miner have any reason to apprehend immediate danger of the coal falling?" The only objection made to the question was that it was leading. The question was not subject to that fault, and if the question was open to any other objection it was not made. Consequently, reversible error cannot be predicated upon the court's action in overruling the objection.

The same may be said concerning the objection to the question asked of the plaintiff as to whether he had any warning of any kind that the coal was going to fall. The objection was that defendant was not charged with the duty of giving any warning and that the question could not possibly be material in the case. This amounted to no objection since the question was not asked for the purpose of showing a duty devolving upon defendant to warn plaintiff but to show that plaintiff did not know that the fall was imminent and on this feature the question was not wholly immaterial.

The defendant introduced witnesses who testified that immediately after the injury plaintiff said it (the injury) was his own fault; that it was a foolish thing for him to go to cutting through the vein with the coal in the situation it was and that he had not struck but two or three blows until it all fell and broke his leg. The plaintiff did not go upon the stand and deny having made these statements. Having failed to deny them defendant says they must be accepted as true. Doubtless the fact that he made the statements is true. [Payne v. Chicago and Alton Ry., 136 Mo. 562, l. c. 594.] But the question is, must the plaintiff be conclusively bound by them? The statements of plaintiff testified to by the witnesses were not admissions of a

*fact* but were admissions of a *conclusion of law* and defendant's contention that they conclusively bind plaintiff rests upon a conclusion or inference to be drawn from them. In the light of the subsequent fall of the coal, plaintiff may have felt that he was blameworthy to some extent in continuing to work in that situation. But the question whether he was entitled to recover is not whether there was some risk or danger attending the prosecution of his work, but whether it was so patent and imminent that no reasonable man would have undertaken it. The statements plaintiff made did not go to that extent. His statements were admissible against him but, in this particular kind of a case which rests upon a failure to obey the statute requiring props to be furnished, these statements amounted only to circumstances which the jury could consider in determining whether the danger was so great and obvious as to bar plaintiff of recovery. The inferences to be drawn from those statements were for the jury. The statements did not support a conclusive inference that the danger was so great.

Complaint is made of plaintiff's instructions, but the objections to them are not tenable. The instructions are fully authorized by the cases of Wojtilak v. Kansas etc. Coal Co., 188 Mo. 260, and McKinnon v. Western Coal and Mining Co., 120 Mo. App. 148, l. c. 163, and Western Coal Co. v. Beaver, 192 Ill. 335, which last case is on a statute of which ours is a rescript.

Finding no error in the record the judgment must be affirmed. It is so ordered. All concur.