## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1904.

*(Continued from Volume 107.)*

## BINSBACHER, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, October 18, 1904.**

1. **EVIDENCE: Opinion of Witness.** In an action for injuries caused to plaintiff while a passenger on one of defendant's street cars, by the shattering of a window and hurling of the glass against the plaintiff, the testimony of a witness who in describing the noise made at the time said it sounded like a collision to him, was not incompetent as being a conclusion or opinion evidence.

2. **CARRIER OF PASSENGERS: Prima Facie Case.** In an action for injuries caused to the plaintiff while a passenger on one of defendant's street cars, by the shattering of a window and the hurling of the glass against the plaintiff, the evidence is examined and held sufficient to submit to the jury the question of defendant's negligence on the theory of plaintiff that the accident was caused by the collision of the car with another car running on a parallel track in an opposite direction, the collision or bumping of the cars being caused by their swaying motion while passing a curve at a high rate of speed.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann* and *Crawley & Jamison* for appellant.

Error was committed by the court when it refused, upon motion of defendant's counsel, to strike out the statement made by witness Bickley that the noises heard by him "sounded like a collision of the roof of of the car to me—that was my impression of it." The general rule is that witnesses must state facts, and not their individual opinions or inferences. The witness had no right to give it as his opinion that there was a collision. He could only describe what he saw and heard. It was the province of the jury to draw deductions and inferences from the facts. Madden v. Railway, 50 Mo. App. 666; Benjamin v. Railway, 133 Mo. 274, 34 S. W. 590; Gregory v. Chambers, 78 Mo. 294.

*Peter T. Barrett, Thomas P. Bashaw* and *George P. Dougherty* for respondent.

BLAND, P. J.—On February 1, 1903, respondent was a passenger on one of appellant's cars travelling west over Olive street, in the city of St. Louis. He occupied a seat at or near the front end of the car. The car had approached the neighborhood of Channing avenue when the second window from the front of the car, on the south side, was struck or jarred by some outside force with such violence as to break the glass into small fragments and hurl them into the car. Some of the pieces of glass struck plaintiff in the face cutting the flesh and injuring one of his eyes. For these injuries he recovered a judgment in the circuit court for $225 from which the defendant company appealed.

There are two assignments of error alleged to have been committed at the trial. The first is, the court erred in permitting Edward Bickley, a witness for plaintiff, to give what appellant calls expert testimony and, the second is, the court erred in refusing to grant defend-

ant's instruction, in the nature of a demurrer to the evidence, offered at the close of plaintiff's evidence and again at the close of all the evidence.

The theory of the plaintiff (sustained by the verdict) is that the window was broken by the car being butted or rubbed against an east-bound car running on a parallel track in the same street as the two cars passed each other on a curve near Leonard avenue. Bickley testified that he was about the middle of the car, standing in the aisle. He described the scene as follows:

"Q. Did you see what shattered the glass in the window? A. I did not see, no. I heard a noise, and the noise came from the direction of the front of the car, as near as I could locate it, and the glass seemed to be shattered diagonally from the upper front corner to the lower rear corner of the glass, and was shattered in very small fragments and hurled quite a distance.

"Q. Can you describe the noise that you heard? A. Well, it sounded like a collision of the roof of the car to me; that was my impression of it."

Defendant moved to strike out the answer as being a conclusion and not responsive to the question.

Motion overruled, to which ruling of the court defendant then and there duly excepted.

1. It is contended that the answer to the second question is opinion evidence and should have been stricken out. The witness did not say there was a collision, but that his impression was that the noise he heard at the moment the window was broken sounded to him like a collision. The sense of hearing is not an exceptional sense. All normal beings are endowed with it. This sense is cultivated by one person as much as by another. Its training or education is not peculiar or exceptional and impressions made by the hearing of a noise, as to its cause or origin, are common to all mankind and admissible as evidence for what they are worth. The first assignment of error is ruled against appellant.

2. Should the instruction in the nature of a demurrer to the evidence have been given either at the close of plaintiff's evidence or at the close of all the evidence? It requires no citation of authorities in support of the well-established rule of practice in jury trials, that where the plaintiff offers substantial evidence tending to prove all the facts essential to his right of recovery, his case should be submitted to the jury. The evidence of both parties shows that respondent was a passenger on one of appellant's cars; that from some external force a window near where he was sitting was broken; that the fragments of the broken glass were hurled from this window into plaintiff's face and that his face and one of his eyes were cut and injured thereby. The sole contention is over the causality or agency causing the window to break. Respondent contends that the car he was on met another car travelling east on a curve in Olive street and that the swaying of one or both of these cars as they turned into the curve brought them into collision, causing the window to break. In support of this contention he offered three witnesses, Edward Bickley, Fred Geitz and Amelia Stelzer. In addition to the evidence of Bickley quoted above he testified that the window was entirely shattered and the fragments hurled into the center of the car; that he saw three or four people cut in various places about their heads and faces, and just as the window was smashed he saw a car passing at a rapid rate of speed going east; that the cars passed each other in the curve and were travelling at a high rate of speed; that he was standing in the aisle of the car and felt it sway as it rounded the curve west of Leonard avenue. Plaintiff testified on this point as follows:

"I had just about sat down and was talking to the young lady and I had my head turned like this (indicating) when there was an awful crash and I was sitting like this (indicating) and I fell forward and I balanced myself with my hands up against the front part of the

partition of the car. . . . We were going west, and as we neared the curve there was an awful sway and then there was a crash.''

Geitz testified as follows:

''At the time I was sitting, as I say, on the right-hand side in the third seat and the car came to a sudden stop. After I felt the jar—as everybody else did—I noticed the car on the other side whiz by and didn't stop.

''Q. Well, can you give the jury any idea of the extent of the jar, the severity of it? A. Well, I didn't feel it so much; that is, it didn't move me out of my seat, but I was frightened, as well as my wife, who was with me, and we all jumped up at the time.''

He also testified that he heard a sort of rubbing or grating.

Amelia Stelzer, in respect to the noise said: ''It sounded just like two cars hitting together.''

The evidence further shows that the window was protected on the outside by four iron rods or bars, and for respondent the evidence is that these bars were found bent inward after the accident. We think this evidence tends to prove that the car on which respondent was a passenger met a car travelling east in the curve on Olive street and that they came in contact from the swaying caused by turning into the curve, and that the bumping or rubbing together was with such violence as to the cause the breaking of the window in the manner described by the witnesses and hence the respondent made out a prima facie case. Appellant offered evidence tending to show that the accident did not occur when the car was on the curve, but at a point a considerable distance west of the curve also evidence tending to show that a man by the name of Stewart, weighing about two hundred pounds, was a passenger on the east-bound car and was seated in the back end with his arm projecting out of the rear window and that it was Stewart's arm that came in contact with the window and

caused it to break. Stewart's arm was hurt while he was on the east-bound car, but just how or by what means is not altogether clear from the evidence. He was not a witness in the case. But granting that he had his arm projecting out of the window and that it was broken while in such position, the conclusion does not necessarily follow that it was his arm that shattered the window of the west-bound car or that the cars did not bump or rub together and that it was not this rubbing or bumping that caused the window to break and the fragments of glass to strike respondent in the face. Under all the evidence we conclude the case was one for the jury and that the court did not err in refusing to grant appellant's instruction in the nature of a demurrer to the evidence. Judgment affirmed. *Reyburn* and *Goode, JJ.*, concur.