# HARRY G. KNAPP, Appellant, v. JOSEPH L. HANLEY, Respondent.

St. Louis Court of Appeals, Argued and Submitted November 10, 1910. Opinion Filed November 29, 1910.

1. **APPELLATE PRACTICE: Review: Weight of Evidence.** The weight of the evidence is for the trial court, and the appellate court will not disturb its conclusion, unless the verdict is grossly contrary to the evidence, or is entirely unsupported by any evidence of a substantial and probative character.

2. **———: Changing Theory on Appeal.** Where cases are tried on theories not altogether in line with the pleadings, the parties on appeal will be held to the theory on which the case was tried below.

3. **INSTRUCTIONS: Tests for Determining Correctness: Confusing Instructions.** The test of the correctness of instructions lies not in the close analysis which a critical lawyer, or an appellate court, with the aid of briefs and arguments, gives to them, but is how they will be understood by the average juror. When instructions are so involved as to cloud the real issue and to require careful and critical examination on the part of the trial and appellate court to determine their meaning or the inferences which may be drawn from them, the very object of giving instructions to the jury is defeated, and, in determining the sufficiency of a series of instructions, the question is, whether the jury were either misdirected or lacking in proper direction, or so directed as to necessarily confuse them in arriving at a correct solution of the issues.

4. **———: Refusal: Abstract Instructions: Principal and Agent: Joint Agency.** In an action to secure one-half of certain commissions received by defendant for the sale of corporate stock, where plaintiff alleged that he and defendant had been jointly employed to sell said stock and had agreed to divide equally the compensation received therefor, and that the owner of the stock had paid plaintiff one-half of the amount of the agreed compensation, an instruction offered by plaintiff, declaring that if one of two persons jointly engaged in the performance of certain work has received the full compensation paid for the services, the law does not permit him to say that he intended to deceive his co-worker by making a secret agreement by which he alone should receive compensation, but in

such case the law treats all such secret action as inuring to the benefit of both parties, and requires that the money received, in the absence of any agreement or understanding to the contrary between the parties, shall be equally divided between thm, was properly refused as being a mere abstraction and as not stating the facts hypothetically and applying the abstract propositions of law to such facts.

5. **PRINCIPAL AND AGENT: Joint Agency: Instructions: Refusal: Abstract and Confusing Instructions.** In an action to secure one-half of certain commissions received by defendant for the sale of corporate stock, where plaintiff alleged that he and defendant had been jointly employed to sell said stock and had agreed to divide equally the compensation received therefor, and that the owner of the stock had paid plaintiff one-half of the amount of the agreed compensation, the court refused to give an instruction offered by plaintiff, declaring that if the jury believed plaintiff and defendant were the owner's agent through whom the sale was made, then by legal implication, in the absence of distinct proof of separate agency, the authority conferred upon and rights acquired by the agents were presumed to be joint, and such joint agency, if the jury find it existed, operated to confer upon them joint rights and interests in the transaction and all profits resulting from it, and, in the absence of a distinct agreement for a different allotment, the interest of each was equal; that the law exacted from the agents the highest degree of good faith toward their principal and in their dealings with each other, and would not allow one of them, after receiving the entire compensation paid by the common principal for their services, to appropriate the whole amount and exclude his associate from any participation, under color of a separate understanding had with the common principal during the existence of such joint agency. *Held*, that the really material part of said refused instruction was correctly covered by an instruction given; that said refused instruction deals too much in generalities to bring it within the comprehension of an ordinary juror; that it would have tended to confuse the jury; that it fails to apply the principles of law announced to the facts of the case; that it assumes there was a joint employment of the agents, when this was the very fact in controversy in the case, without stating the facts necessary to constitute the employment a joint one; and that it injected the question of fraud into the case, without any foundation therefor in the petition; and hence the refusal of said instruction was proper.

6. **CONTRACTS: Joint and Several: Statute.** By the express provisions of section 2769, Revised Statutes 1909, all contracts which, by the common law, are joint only, shall be construed to be joint and several.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

AFFIRMED.

*O'Neill Ryan* for appellant.

The points relied upon for reversal are: First: That the verdict is against the law and the evidence and the weight of the evidence and should have been for plaintiff. Second: That the court erred in giving and refusing instructions, and the instructions given are conflicting and misleading, and in plain disregard of the opinion of the court on the second appeal (125 Mo. App. 47) and on the first appeal (108 Mo. App. 353). Third: Because the evidence showed that plaintiff and defendant were joint agents of Mullikin, and the court erred in not so instructing and in instructing to the contrary.

*Jones, Jones, Hocker & Davis* and *H. Chouteau Dyer*, for respondent, filed argument.

REYNOLDS, P. J.—This is the third time that this case has been before this court, the first on appeal by plaintiff, the second on appeal of defendant from an order setting aside a verdict in his favor. [See Knapp v. Hanley, 108 Mo. App. 353, 83 S. W. 1005; Knapp v. Hanley, 125 Mo. App. 47, 102 S. W. 670.] The facts in the case are so fully set out in these reports and are practically as now before us, that we do not consider it necessary to repeat them. There was again a verdict for the defendant, from which the plaintiff has duly perfected an appeal to this court.

The learned counsel for the appellant makes three points upon which he relies for reversal of the present judgment: First, that the verdict is against the law and the evidence and the weight of evidence and should have been for the plaintiff.

We dispose of this point by saying that it has been decided in cases without number, both by our Supreme Court and the Appellate Courts, that the question of the weight of evidence is for the determination of the trial court and the Appellate Courts will not disturb its conclusion on that evidence unless the verdict is so grossly contrary to the evidence as to demand our interference in the interests of justice, or is entirely unsupported by any evidence of a substantial and probative character. The very frank counsel for appellant concedes this, but urges that the case falls within the first rule. We cannot agree with him. Nor can we say that the verdict is against the law, as that law was given to the jury in the instructions of the court. The verdict is responsive to the issues presented by those instructions. Whether the instructions are correct will be disposed of later when we come to consider the instructions.

The second error assigned is to the action of the court in giving and refusing instructions, and that the instructions are conflicting and misleading and in plain disregard of the opinion of this court as announced when the case was here on the two former appeals.

Taking up the proposition which goes to the instructions given, we cannot agree with the learned counsel for the appellant in his criticisms as to the correctness of those given. Nor do we think that the instructions given are conflicting, or misleading, or in plain disregard of the opinions of this court as announced when the case was here on the two former appeals, as claimed by counsel.

This case seems to us to lie within a very narrow compass. The amended petition of the plaintiff, upon

which this case was last tried, appears to be practically the same as the petition summarized when the case was here before. The defense is now, as then, a general denial. While it is true that it sometimes occurs that parties try their causes on theories that are not altogether in line with the pleadings, and that when that occurs the appellate court holds them to the same theory here as that upon which the case was tried below, no such condition is presented here. The case was tried on the issue tendered by this amended petition and accepted by the general denial. They involved these propositions: First, did Mullikin, the owner of the number of shares of stock involved, on or about the day named, make an agreement with the plaintiff and defendant, wherein and whereby Mullikin agreed that plaintiff and defendant, in consideration of services then being and to be by them rendered for him and in his behalf, in and about the proposed sale of the stock, to pay them for their services one-half of whatever he should realize or receive upon the sale of the stock, over and above the price and sum of $800 per share? In this is involved also the question of the nature of the employment—to place it correctly, was it of such a character as to constitute it a joint employment, the creation of a joint agency? Second, did the plaintiff and the defendant then and there agree to perform those services and to divide equally between themselves all such compensation as Mullikin should pay them therefor? Third, did plaintiff and defendant render the services as aforesaid for Mullikin, resulting in the sale of the stock at the price and sum of $900 per share? On this latter proposition, that is, the sale of the stock at $900 per share, there is no controversy. It was sold, as admitted by all parties, at that figure, being $100 per share more than the $800 which Mullikin demanded as the amount to be realized by him personally on the sale. There is no question over the further fact that upon the consummation of the sale at that figure, Mulli-

kin paid and turned over to defendant Hanley $50 a share, that is $5350, the one-half of the $100 realized over and above the $800. There is no question as to the demand and refusal to pay as between plaintiff and defendant, so that the point in issue turned on the answers the jury might give to the above propositions, and in order to a correct answer by the jury, that is to say, an answer which the trial court and this court will accept as conclusive on these questions, it was, of course, necessary that the instructions which the court gave were correctly framed. The test of correctness of instructions lies not in the indulgence of that close analysis which the lawyer in the seclusion of his office and with the aid of his books, and the trial or appellate courts, with the benefit of briefs and arguments of learned counsel before them, give to the instructions, but as to how those instructions will naturally be understood by the average men who compose our juries, on whose judgment on the facts the courts must act. When instructions are so involved as to cloud the real issue and require careful, critical examination on the part of the trial and of the appellate courts to determine exactly what they mean, or to determine what inference can be drawn from them, the very object of instructing a jury is defeated. The question is whether the jury was either misdirected or lacking in proper direction or so directed as to necessarily confuse them in arriving at a correct solution of these propositions. Tested by this rule we think that examination of the instructions given demonstrates that they are substantially correct, and do not conflict. The court, at the instance of plaintiff, by its first instruction, charged the jury, in substance, that if they believed that at the request of and by the authority of Charles Mullikin, plaintiff and defendant rendered services for Mullikin in and about the sale of the stock mentioned in the petition, and that it was understood between them at the time, that the compensation to be paid by Mullikin

therefor, if any, should be paid to plaintiff and defend-
ant "jointly, that is, to both of them, and not that he
should settle with or compensate them each separately;"
and that the defendant received the whole of the com-
pensation and paid no part thereof to the plaintiff, the
jury should find for plaintiff; "and as to whether or not
there was such an understanding between the parties, is
for the jury to say under all the facts and circumstances
in evidence in the case." The jury were further told
by this instruction that if the plaintiff and defendant
rendered such services and there was such an under-
standing at the time, then that constitutes the agree-
ment alleged in the petition and it is not necessary, if
such agreement was made, that it should have been in
writing or in express words but may be inferred from
all the facts and circumstances in the case, which it
is for the jury to consider. The jury were further told
in this first instruction that if they found and believed
from the evidence that the services were rendered by
plaintiff and defendant and rendered with the under-
standing or agreement above referred to, and that the
whole compensation was paid by Mullikin to the de-
fendant, for defendant and plaintiff, and was so re-
ceived, the jury were instructed that in the absence
of any understanding to the contrary, they are to pre-
sume that it was the intention of plaintiff and defend-
ant at the time that the compensation was to be equally
divided between them.

The second instruction, given at the instance of
the plaintiff, told the jury that in order to establish
the agreement as to the performance of the services
and the equal division between themselves of compen-
sation received, quoting the language of the petition
on this point, it was not necessary that plaintiff should
prove that the agreement was in words actually ex-
pressed between plaintiff and defendant, but it is suffi-
cient for the jury to find and believe from the facts and
circumstances in evidence that the parties acted and

conducted themselves toward one another in the carrying out of the matter in such a way as to lead each other to believe that they so intended at the time.

The third instruction, given at the instance of plaintiff, told the jury that in determining whether Mullikin employed plaintiff and defendant jointly to attend to the sale of the stock, they would consider all the facts and circumstances in evidence in the case as to whether the parties so intended at the time: that is to say, whether they by word or act gave each other so to understand; and if, from all the facts and circumstances in the case, Mullikin, Knapp and Hanley did give each other by word or act to so understand, and plaintiff and defendant so attended to the sale and rendered such services to Mullikin concerning it, and defendant received the whole compensation therefor from Mullikin and has not paid plaintiff any part of it, the jury should find for plaintiff.

The fourth instruction for plaintiff told the jury that if they found in favor of plaintiff they should find for $2675, with interest at 6 per cent from the date of the demand, if they found a demand had been made before the bringing of the suit, and if no demand had been made before the bringing of the suit, then interest was to be allowed from the date of the institution of the suit, giving the date.

At the instance of the defendant, the court instructed the jury that if they found there was no express agreement and no implied agreement existing, defining correctly what was meant by these terms, whereby the defendant agreed to divide with plaintiff any amount he (defendant) might receive from Mullikin on account of the sale of Mullikin's stock, entered into or existing between plaintiff and defendant before the sale of the stock was consummated, then any promise or agreement the jury might find or believe to have been made by defendant with plaintiff after the consummation of the sale of the stock, for the payment of any sum

of money by defendant to plaintiff before and on account of the sale of the stock, is not binding on defendant.

The second instruction given at the instance of defendant told the jury that before plaintiff could recover, the jury must find and believe from the preponderance or greater weight of evidence that in the sale of the stock referred to, plaintiff and defendant acted in conjunction; that the defendant received the sum of money mentioned from Mullikin and that it was understood between Mullikin and defendant that that sum was paid defendant as compensation for the services of both plaintiff and defendant in and about the sale at the time Mullikin paid defendant, and unless they so found, plaintiff could not recover.

The third instruction given at the instance of defendant told the jury that before plaintiff could recover he must establish by the preponderance or greater weight of testimony that Mullikin employed plaintiff and defendant to act jointly as his agents in and about the sale of the stock and to pay them one-half of all realized over and above $800 per share, and that it was understood and agreed between plaintiff and defendant, prior to the sale of the stock, that they should divide the one-half of that excess between themselves, and unless plaintiff has proven this he cannot recover.

The fourth instruction for defendant told the jury that if they found that neither Mullikin nor Hanley, at the time Mullikin agreed to pay one-half of all he received over $800 per share, if he so agreed, understood, or contemplated, or intended that such payment should inure in part to the benefit of plaintiff, or that it should include plaintiff's compensation, then there was no implied agreement that plaintiff should receive any part of it, and he is not entitled to recover.

The fifth instruction given at the instance of defendant, told the jury that the mere fact that plaintiff

and defendant may have acted jointly in and about the work of selling the stock is not conclusive evidence of the fact that they were acting under a joint employment; that it was for the jury to say, in the light of all the circumstances in evidence and the conduct of the parties at the time, whether they were acting under a joint employment or a several and individual employment, and if the jury should find from the circumstances and conduct of the parties that they were acting under a several and individual employment and not a joint one, there was no implied agreement on the part of the defendant to divide what he received with the plaintiff.

Taking up the instructions asked by plaintiff and refused, it is urged that the second should have been given as "unquestionably," there was "secret action" by defendant in treating with Mullikin and on that alone, counsel says, seemingly, defendant claims now to keep all the principal paid, and undoubtedly paid, believing he was paying all that both agents should receive. Hence it is argued that the plaintiff was entitled to have the jury told that if they were acting jointly, one of them could not be deprived of his rights by any secret action of the other in dealing with their principal.

The second refused instruction reads:

"The court instructs the jury that if one of two persons who have been engaged jointly upon the performance of certain work which has been performed by them has received the full compensation paid for the services, the law does not permit him to say that he intended to deceive his co-worker by making a secret agreement by which he alone should receive compensation, but in such case the law treats all such secret action as inuring to the benefit of both parties, and requires that the money received, in the absence of any agreement or understanding to the contrary between the parties, shall be equally divided between them."

That is all of this instruction.

When this case was last before this court, Judge BLAND, who delivered the opinion for this court, distinctly suggested (125 Mo. App., supra, l. c. 56), that on a retrial of the cause, the instructions then under consideration should be so amended "as to omit mere abstract propositions of law and declare the law upon the facts hypothetically stated." The instruction is in entire disregard of this cautionary suggestion of the learned judge and is even more subject to condemnation for its generality than were the instructions referred to by him. Those generalities referred to and condemned did not stand by themselves, as in the case at bar, but were embodied in and made part of an instruction which, in a measure, at least, undertook to hypothetically state the facts. It will be observed that the instruction under consideration stands alone, without any facts hypothetically stated to connect the generalities with the facts in evidence. It was correctly refused as a mere abstraction, a form of instruction so often condemned by our appellate courts that it is useless to collate the cases in which the rule has been announced. The criticism as to the first refused instruction applies also in a measure to this.

The plaintiff asked the court to give an instruction, designated as "plaintiff's first refused instruction," which was to the effect, that if the jury found from the evidence that plaintiff and defendant were Mullikin's agents, through and by whom the sale of his stock was made, then the jury are instructed that by legal implication, in the absence of proof of distinct, separate agency, the authority conferred and rights acquired by the agents are presumed to be joint and such joint agency, if the jury find that it existed, operated to confer joint rights and establish a joint interest in the parties hereto in the transaction, and all profits resulting therefrom, and in the absence of distinct agreement of a different allotment, the interests of each were

the same and equal, and the law exacted from the agents the highest degree of good faith, not only toward their principals, but also in all other dealings with each other, and implied an equal division of the compensation paid for their joint services, and the law does not allow one of them, after receiving the entire compensation paid by the common principal for their services to appropriate the whole amount and exclude his associate of any participation by virtue and under color of a separate understanding had with the common principal during the existence of such joint agency and affecting the subject and purpose of the joint agency.

It is argued that this instruction covered a correct and vital declaration of law, being to the effect that if the parties were Mullikin's agents for the sale of the stock, then the law implied, in the absence of proof of separate agency, that this agency was joint and that all profits, there being no agreement as to their allotment, should be shared equally and one could not receive and keep the entire compensation. This, it is urged, correctly declares the law as announced by this court on the first appeal, and it is argued that no instruction given distinctly covered that theory; hence it is argued that its refusal is reversible error.

It may be said that the really material part of this instruction, relating to joint agency, is correctly covered by plaintiff's first instruction, which was given. This refused instruction deals entirely too much in generalities to bring it within the comprehension of an ordinary juror; it lacks the essential element of all instructions, of fitting the principles of law announced into the facts in the case; its tendency was to confuse the jury; it is of a character to require close attention and analysis even by one trained to the consideration of legal propositions and with the ability to apply them to the facts which may have been in evidence in the case. It announces, in one clause, that by legal implication and in the absence of proof of distinct, sep-

arate agency, the authority conferred and rights acquired by agents are presumed to be joint and the agency a joint agency. In another clause it tells the jury that if they find' and believe from the evidence that a joint agency existed, it operated to confer joint rights and establish a joint interest in the parties thereto in the transaction, etc. This of itself had a tendency to confuse and mislead the jury. The very point in issue in this case turns on the facts involved in the employment of plaintiff and defendant. These facts were for the jury to determine. The tendency of the one clause of this instruction is to lead the jury to infer that if Mullikin made a contract with both of the parties plaintiff and defendant, the law implied that it was a joint contract. While abstractly that may be correct, it is correct only on consideration of the particular facts and circumstances of a given case. The employment of plaintiff by Mullikin might have been entirely distinct and separate from the employment of the defendant, even if both of them were employed to carry on the same transaction, and this fact as to this matter of employment was for the jury. We do not think that what was said by this court, when this case was here before, as reported 108 Mo. App. l. c. 361, is to be held as taking the issue of fact from the jury. It is true that it is there said that the fact of a joint employment and undertaking was established by such undisputed evidence as warranted the court, as a reviewing court, in so holding. The very authorities cited by the court in support of this qualifies the broad statement. Thus the court cites 1 Parsons on Contracts, p. 11; 1 Beach, Contracts, sec. 668; Mechem, Agency, sec. 106. It is true that at the point of citation, Prof. Parsons does say that "wherever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose; but on the other hand, there should be words

of severance, in order to produce a several responsibility or a several right." On the following page, however (p. 12), the same author says: "Whether the liability incurred is joint, or several, or such that it is either joint or several at the election of the other contracting party, depends (the rule above stated being kept in view) upon the terms of the contract, if they are express; and where they are not express, upon the intention of the parties as gathered from all the circumstances of the case. It may be doubted, however, whether anything less than express words can raise a liability which shall be at once a joint and a several liability." Further along the same learned author says (p. *21): "Parties are not said to be joint in law, merely because they are connected together in some obligation or some interest which is common to them both. They must be so connected as to be in some measure identified." Mechem and Beach are practically to this same effect. The latter, at section 668, treating of the subject of joint contracts, says: "Where an. obligation is undertaken by two or more persons, or a right is given to two or more, the general legal presumption is that it is a joint obligation, or a joint right as the case may require. Where the subject-matter of the contract is entire, as where the contract is to pay an entire sum to several persons, it is solely a joint contract." It is to be borne in mind that in the case at bar the very heart of the controversy is, whether Mullikin was to pay the entire sum to Hanley alone or to Hanley and Knapp. At section 671, Beach says: "Where the language is ambiguous, the contract shall be taken to be joint or several, according to the interest of the parties and the nature of the cause of action." At section 672, he says: "Whether the contract is joint or several, or joint and several, is one of intention. The contract must be considered as a whole, and if, upon such consideration, the intention of the parties becomes apparent, it must prevail over the literal interpreta-

tion of detached words, phrases and clauses." At section 688 Beach says that joint contracts, or contracts which would be joint by the common law, are in many states required to be construed as joint and several. That is the law in this state as provided by section 2769, Revised Statutes 1909, which reads as follows: "All contracts which, by the common law, are joint only, shall be construed to be joint and several." Mr. Mechem, in his work on the Law of Agency (Ed. 1889), sections 104, 105, 106, distinctly lays down the proposition that "whether a certain writing creates an agency or not, and if so, what is the nature and extent of the power conferred, the writing being produced, are questions of law for the decision of the court, and so where the facts are undisputed, the court must determine whether they create an agency, and if so with what powers and limitations, and this is equally true whether it is sought to establish the agency by previous authorization or by subsequent ratification. Where, however," says Mr. Mechem, "the authority was not conferred by written instrument and the facts are in dispute, it is for the jury to determine under proper instructions from the court, not only whether an agency exists, but, if so, what is its nature and extent. It is impossible to lay down any inflexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case." These are the authorities referred to in the opinion of this court, when the case was here before, and we think that the conclusion to be derived from them, accepting them as correct expositions of the law, would not have sustained the trial court in declaring as a matter of law, that the evidence in the case disclosed a joint employment and undertaking. To have so instructed would have assumed every fact connected with the employment and undertaking as establishing a joint agency, and this was not for the court and would have been error, in the light of the testimony.

The very fact in controversy in this case was whether there was a joint employment. It would have been error, in the face of the conflicting evidence over this fact, for the court to have instructed that it was a joint employment, without instructing the jury as to the facts necessary to constitute the employment a joint one. In the first instruction given at the instance of the plaintiff, the court did this, in defining a joint agency. In this refused instruction, it did not. Another error in this refused instruction No. 1 injects the question of fraud into the case which is utterly without any support or foundation upon which to rest by any allegations in the petition. It is nowhere intimated in the petition or amended petition upon which the case was tried that there was any fraud or concealment in the transaction whatever, and if the facts as stated in this refused instruction No. 1 were in evidence or are in the case, then an element of fraud was injected into it which is not supported by the pleadings.

This practically disposes of the third contention of the learned counsel for the appellant, that the evidence showed that plaintiff and defendant were joint agents of Mullikin. We cannot assume to say with all the facts in dispute as to the creation of the agency, that they established a joint agency, unless we assume that the facts concerning that agency as testified by one side are true and those testified to by the other side are not true. This is not the function of the court but was for the jury.

We think upon the whole that the case was properly submitted to the jury; that the instructions in this case as given fairly and clearly presented the real issues in this case, so that they were within the comprehension of any ordinary jury. In this particular case two juries, selected and accepted by the parties, have passed upon the facts, both juries arriving at the same conclusion on them. We see no reason to disturb that

verdict, and no reversible error. The judgment of the circuit court is affirmed. *Nortoni, J.,* and *Caulfield, J.,* concur.