JULIA E. RAMP, Respondent, v. METROPOLITAN
STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, November 16, 1908.**

1. **NEGLIGENCE: Contributory Negligence: Pleading: Defense: Instruction.** A plea of contributory negligence is a specie of confession and avoidance and must be affirmatively pleaded and proven; and a modification of defendant's instruction on the burden of proof that accepts the defense of plaintiff's negligence throws the burden of proving contributory negligence on the defendant.

2. ————: ————: ————: **Answer.** An answer was a general denial and a further averment "that if plaintiff received any injuries . . . same was caused by plaintiff's own fault and negligence." *Held*, the answer simply averred that plaintiff was the sole cause of her injury and was not the equivalent of an allegation that her negligence contributed with the defendant's to the production of the injury and therefore there was no contributory negligence pleaded.

3. ————: ————: ————: **Instruction: Invited Error.** Where the defendant by his instruction invites an error he may not complain that the court of its own motion instructed to the same effect.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*John H. Lucas, F. G. Johnson* and *C. S. Palmer* for appellant.

The court committed prejudicial error in modifying instruction 3D asked by defendant. Motch v. Railroad, 82 Mo. App. 50; Thummel v. Dukes, 82 Mo. App. 53; Wallis v. Westport, 82 Mo. App. 522; Trotter v. Railroad, 122 Mo. App. 417; Lumber Co. v. Dent, 121 Mo. App. 108; Sack v. Car Co., 112 Mo. App. 476; Corum v. Railroad, 113 Mo. App. 631.

*Joseph A. Guthrie* and *James A. Kemper* for respondent.

JOHNSON, J.—Plaintiff, in attempting to alight from a cable street car on which she was a passenger, fell to the pavement and was injured. She brought suit against defendant, the carrier, for the damages sustained, on the ground that her fall was caused by its negligence. She alleges in her petition: "That when said train of cars arrived at Central street in said city, it came to a stop at or near the point where said Ninth street intersects the east side of Central street, which point was and is the place where said eastbound cars over said line were customarily and usually stopped for the purpose of permitting passengers to alight therefrom or embark thereon. That after said train of cars was stopped at said point as aforesaid, and while the same was yet standing still, this plaintiff undertook to disembark from said car by stepping from the floor thereof down to and upon the step at the front end of the south side of said coach, and from said step down to and upon the ground. That after plaintiff had gotten upon said step, which was about fifteen (15) inches above the ground, and before she had alighted therefrom, and before she had been given a reasonable time to alight therefrom, and while she was in the exercise of ordinary care, prudence and diligence, said defendant, through its agents and servants, who knew, or by the exercise of ordinary care, could have known, that the plaintiff was standing upon said step preparing to alight from said car, in charge of said train of cars, and without warning to plaintiff and without allowing her reasonable time to alight from said car, as aforesaid, carelessly and negligently started said train of cars, and that by reason thereof, this plaintiff was thrown from and off of said step down to and upon the ground, with great force and violence, and that by reason thereof, plaintiff sustained serious, painful and

permanent injuries as hereinafter set forth." The answer of defendant is as follows: "Now comes defendant and for answer to the amended petition of plaintiff filed herein, denies each and every allegation in said petition contained. And for further answer, defendant says that if plaintiff received any injuries at the time mentioned in said petition, the same were caused by plaintiff's own fault and negligence."

The evidence of plaintiff tends to sustain the allegations of the petition. It shows that the train stopped on her signal at a regular stopping place; that she proceeded to alight and, while in the act of stepping to the street, was thrown by the sudden starting of the train. The evidence of defendant is to the effect that plaintiff fell in consequence of her attempt to alight from the car before it came to a stop. The verdict of the jury was for plaintiff in the sum of $2,250, and, after ineffectually moving for a new trial and in arrest of judgment, defendant brought the case here by appeal. But one question is submitted for our decision. It is contended that the court erred in modifying one of the instructions asked by defendant. Three of the instructions given at the request of defendant were modified by the court, two of them (4D and 5D) without substantial change of meaning. As given, they read as follows:

3D. "The court instructs the jury that the burden of proof is on the plaintiff to establish her case, *except as to the defense of plaintiff's negligence,* by the preponderance of the evidence, and by a preponderance of the evidence is meant the greater weight of the credible testimony.

4D. "The court instructs the jury that in this case the mere fact that the plaintiff was injured while alighting from a car of a street railway company gave her no right to sue and recover damages, therefor, from such street railway company. Before she can recover in this case you must not only find that the defendant

street railway company was negligent in the particular and specific respects submitted in these instructions, but you must further find that such negligence was the direct cause of her injury, and even then she cannot recover in this case if she was negligent and her negligence directly contributed to her injuries, as explained in other instructions.

5D. "The court instructs the jury that if plaintiff attempted to step off the car before it was stopped for Central street and while it was in motion and fell by reason of such act, then she was herself negligent and under the pleadings in this case your verdict must be for the defendant."

The modification of 3D consisted of the insertion by the court, over defendant's objection of the words we have italicised. Defendant argues that since the defense that plaintiff's negligence was the cause of her injury appears neither in the pleadings nor evidence as a contributing but as the sole cause of the injury, its only office was to disprove the cause of action asserted by plaintiff and that in placing the burden on defendant to prove the existence of that defense, the court, in effect, erroneously laid on defendant the burden of disproving the existence of plaintiff's cause of action.

Contributory negligence is a plea in the nature of a plea of confession and avoidance. It carries the idea that a cause of action would exist in favor of the plaintiff but for the fact that negligence of the plaintiff cooperated with that of defendant to produce the injury. Necessarily it is an affirmative defense and the burden is on the defendant to plead and prove it, if he would receive its benefits. An exception to this rule applies to cases where the evidence introduced by the plaintiff shows that his own negligence cooperated with the negligence of defendant to cause the injury. In such instances, defendant is entitled to receive the benefit of the defense regardless of whether or not it is pleaded in the answer but in all other cases the de-

fense is waived if not pleaded. [Allen v. Transit Co., 183 Mo. 411; Kaminski v. Iron Works, 167 Mo. 462.]

Turning to the answer of defendant, we find it does not contain this plea. The averment that "if plaintiff received any injuries . . . the same were caused by plaintiff's own fault and negligence" is the statement that negligence of plaintiff was the *sole* cause of her injury and is not equivalent to an allegation that such negligence *contributed* with negligence of defendant to the production of the injury. The defense it attempted to raise was one defendant had the right to' offer, under a general traverse, since it in no sense partook of the nature of a plea of confession and avoidance but directly negatived the very existence of the cause of action. [Allen v. Transit Co., supra.] Its incorporation in the answer was wholly unnecessary and purposeless and should be treated as so much surplusage. Though the issue of contributory negligence' thus was not presented by the pleadings and the evidence of plaintiff tended to show that her injury was the result of defendant's wrong, and not of any negligence on her part, we find that in instruction 4D, given at the request of defendant, the court submitted to the jury the issue of contributory negligence. For the reasons stated, this was error against the plaintiff, and it was error induced by defendant. The court should have refused to send that issue to the jury and had such course been pursued, defendant's present contention would be meritorious. But with facts and circumstances in evidence from which a reasonable person might infer that plaintiff was guilty of some negligence that contributed with the negligence of defendant alleged, defendant, in obtaining an instruction submitting the issue of contributory negligence had no reason to complain if the court also told the jury that the burden of proving the existence of such negligence was on the defendant. Succeeding in injecting into the case an affirmative defense not pleaded, defendant was

rightly held bound to assume all the burdens of such defense. While the language of the modification does not clearly evidence the purpose of confining its scope to the issue of contributory negligence, we think such was the evident purpose of the court and that the jury, reading all of the instructions together, must have placed this construction on it.

We conclude that no error was committed against defendant and, accordingly, affirm the judgment. All concur.