# COURTS OF APPEALS

OF THE

# STATE OF MISSOURI,

MARCH TERM, 1910.

---

*(Continued from Volume 143)*

---

## ESTELLA CAIN, Respondent, v. C. H. WINTER-STEEN, Appellant.

**Kansas City Court of Appeals, May 9, 1910.**

1. **PRACTICE: Correction of Verdict.** Plaintiff sued in two counts for injuries resulting from a runaway caused by an automobile. On the trial one count was dismissed, the case being submitted on the other count, in which plaintiff prayed damages for injury to her person, and also for damages to her clothing. The jury returned a verdict allowing her $150, "on the first count of the petition," and $20 "on the second count of the petition." The action of the trial court in refusing to receive the verdict, in giving a new instruction on the form of verdict, in sending the jury out, and in receiving a second verdict for $170 was proper.

2. **PLEADING: Contributory Negligence.** The allegation that "plaintiff's alleged damages and injuries, if any she sustained, were caused by and directly due to the plaintiff's own carelessness and negligence" was not a plea of contributory negligence but was a direct negation of the cause of action pleaded.

3. ——————: ——————. Contributory negligence can be made an issue only by an affirmative averment in the answer. In the absence of such averment it cannot be employed to defeat the cause of action except in cases where plaintiff's evidence establishes contributory negligence.

4. ——————: ——————: **Reputation of Horse for Viciousness.** Evidence of the vicious character of the horse was admissible in this case on the issue of whether the proximate cause of the injury was the negligence of the defendant or the vice of the animal. Evidence as to the reputation of the horse for viciousness would be admissible to show knowledge by plaintiff of such viciousness, as bearing on the question of her care in driving the horse if the issue of contributory negligence were in this case, but as there was no such issue here it was properly excluded.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Elton T. Harris, John Abbot Clark* and *F. B. Ellis* for appellant.

(1) The conduct of the jury on its first verdict evidences prejudice and passion, and the judgment should be set aside. Fallow v. Grantham, 66 Mo. App. 509; Spiro v. Transit Company, 102 Mo. App. 266; Richardson v. Forebuckles, 122 Mo. App. 529; Whitsett v. Ransome, 79 Mo. 258; Morris v. White, 188 Mo. 20. (2) Evidence of the character of a horse is always admissible. If others saw this horse run away it was some evidence that the plaintiff knew it. The circumstances would warrant the plaintiff taking precautionary measures in driving this horse. If she did not do this she cannot recover. Defendant's instructions cover this view of the case but he was denied the right to prove it. Walter v. McArthur, 33 Mo. App. 218; Short

v. Bohle, 64 Mo. App. 242; Boaest v. Darby, 12 Mo. 197; Hale v. Van Dever, 67 Mo. 732. (3) Plaintiff and defendant both tried this matter as though the answer had raised this question, and the plaintiff only objected because she said the character of this horse must be confined to the time plaintiff's husband owned it, that it is immaterial what his disposition was prior to that time. They cannot change front at this time. They must adopt the same theory in this court. David v. Cooper, 6 Mo. 148; Megehan v. Orme, 7 Mo. 4; Insurance Co. v. Harlan, 72 Mo. 202. (4) If this answer of defendant did not raise the defense of contributory negligence, plaintiff should have moved the trial court to make the answer more definite and certain. Having failed to do so, they are too late now. Linn v. Railroad, 79 Mo. App. 475.

*F. B. Klepper* and *W. S. Herndon* for respondent.

(1) The answer of the defendant did not plead contributory negligence, as claimed by appellant below. Ramp v. Railway, 133 Mo. App. 700. (2) Contributory negligence must be pleaded. Donovan v. Railroad, 89 Mo. 147; Stone v. Hunt, 94 Mo. 475; Keidel v. Railway, 28 Mo. App. 657; Kain v. Railroad, 29 Mo. App. 53. (3) Plaintiff objected to any evidence tending to show contributory negligence, because contributory negligence was not pleaded in the answer. The court overruled this objection and forced that issue on plaintiff. Appellant having tried the case below on the theory of contributory negligence, cannot take another theory here. Vaughn v. Fisher, 32 Mo. App. 29; Birge v. Bock, 44 Mo. App. 69; Swearinger v. Insurance Co., 66 Mo. App. 90; Drug Co. v. Bybee, 179 Mo. 354. (4) A general verdict would have been good, even if the cause had been submitted to the jury, under both counts. Brady v. Connolly, 52 Mo. 19; Raney v. Bader, 48 Mo. 539; Maguire v. Transit Co., 103 Mo. App. 472;

Sam v. Rooney, 125 Mo. App. 184. (5) The action of the court in refusing to receive the so-called first verdict and giving the additional instruction 8, as to form of verdict, was proper. Duffy v. Day, 42 Mo. App. 638; Title & Trust Co. v. Brady, 165 Mo. 197; Buck v. Railway, 108 Mo. 179.

JOHNSON, J.—This suit is for damages plaintiff alleges she sustained by the negligent manner in which defendant ran an automobile on a public road. A trial resulted in a verdict and judgment for plaintiff in the sum of one hundred and seventy dollars.

Plaintiff, accompanied by another woman, was driving a horse attached to a buggy on a public road near Cameron. They met an automobile driven by defendant and, according to the evidence of plaintiff, the horse became frightened at the approach of the machine and betrayed signs of becoming unmanageable. Defendant did not stop and as the machine passed, the horse became uncontrollable and ran away. Plaintiff sustained some personal injuries and her clothing was damaged. She laid her damages at five hundred dollars for her personal injuries and twenty dollars for the damage to her clothing. Her evidence tends to accuse defendant of negligence in not stopping the automobile after he saw or should have seen that the horse was becoming unruly. The petition is in two counts, the first pleaded statutory negligence, the second common law negligence. The first count was dismissed before the submission of the cause to the jury. The evidence of defendant is to the effect that he was not negligent and that the runaway was caused by a vicious propensity of the horse and the negligent way in which he was being driven by plaintiff.

The answer, in addition to a general denial, contains the allegation that "plaintiff's alleged damages and injuries, if any she sustained, were caused by and

directly due to the plaintiff's own carelessness and negligence." This was not a plea of contributory negligence but was a direct negation of the cause of action pleaded. [Ramp v. Railway, 133 Mo. App. 700.] Being a special defense, contributory negligence can be made an issue only by an affirmative averment in the answer. If not thus pleaded, it cannot be employed to defeat the cause of action except in cases where the evidence of the plaintiff affirmatively establishes the fact that his own negligence contributed to the production of his injury. In the present case, the evidence of plaintiff exculpates her from the imputation of negligence and, consequently, the issue of contributory negligence is not in this case.

The first question argued by defendant is one of practice. The instruction given on the measure of damages was as follows: "The court instructs the jury that if they find for the plaintiff, they will assess her damages at such sum as they believe from the evidence will be a fair compensation to her, first, for any bodily pain and mental anguish which the evidence shows she will be a fair compensation to her, first, for any bodily pain and mental anguish which the evidence shows she will thereafter suffer by reason of said injury not to exceed the sum sued for, to-wit: five hundred dollars; second, for any damage to plaintiff's clothing which the evidence shows she has sustained, not to exceed the sum of twenty dollars, the whole of such damages not to exceed the sum of five hundred and twenty dollars."

The verdict first brought in by the jury found for plaintiff "on the first count of her petition" in the sum of one hundred and fifty dollars, and "on the second count of her petition" for twenty dollars. Evidently, the jury thought from the instruction quoted that the personal injuries and the damage to the clothing were subjects of separate counts. There was but one count in the petition at this time. The court refused to receive the verdict, on its own motion gave an instruc-

tion on the form of verdict, and sent the jury out again. Afterward, the jury returned a verdict for plaintiff in the sum of one hundred and seventy dollars.

We fail to follow defendant in his contention that the action of the jury was indicative of passion or prejudice. The mistake they made was harmless and, doubtless, proceeded from an effort of laymen to browse in the field of technical knowledge and phraseology— an attempt that usually results either in disaster or absurdity. The instructions said nothing about "counts" and the jury would have done well to have stuck to the text, but there can be no doubt that they intended to allow plaintiff one hundred and fifty dollars on account of her personal injuries and twenty dollars on account of her clothing, and it would be giving effect to a most barren technicality should we give ear to the argument of defendant that the court was bound to receive the first verdict. We think the court had the power and was charged with the duty of requiring the jury to return a verdict responsive to the issues presented by the pleadings and evidence and defined in the instructions.

The next contention of defendant is that the court erred in excluding evidence offered by defendant to the effect that the horse had the reputation of being vicious and of having a propensity to run away. Evidence of the character of the horse was admissible on the issue of whether the proximate cause of the injury was the negligence of the defendant or the vice of the animal, and such evidence was admitted. Evidence of reputation was inadmissible to show the character of the horse, but would have been admissible on the issue of imputed knowledge of plaintiff of the fact that the horse was vicious, had such issue been raised by the pleadings. But such knowledge of plaintiff could be relevant only to the issue of contributory negligence, and as we have shown, that issue is not in the case. Grant that the horse had a disposition to run away and

that plaintiff had knowledge of such disposition, her knowledge would have no bearing on the issue of whether the vicious propensity of the horse or the negligence of defendant was the proximate cause of the injury. Evidence of reputation was properly excluded.

We have examined the instructions and find them free from prejudicial error. The whole record discloses that the case was fairly tried and the judgment is affirmed. All concur.