ELIZA J. WILDER, Respondent, v. THE WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 29, 1912.

1. NEGLIGENCE: Railroads: Death at Crossing. Plaintiff sued for damages for the killing of her husband. He was riding a horse on the public road and attempted to cross the railroad track just after an engine, with two freight cars attached, had backed over the crossing and stopped about ten feet beyond. The engine without warning started forward frightening his horse which reared and plunged and threw him on the pilot. He made frantic but unsuccessful effort to save himself, but the engine moved forward a hundred and fifty feet or more, and he was then dragged under the wheels and killed. *Held*, that the evidence was sufficient to take the case to the jury.

Wilder v. Railroad.

2. ———.: **Pleading: Humanitarian Doctrine.** The constitutive facts of a charge of negligence under .the humanitarian rule are that the injured person was in a situation of peril; that the operators of the engine or car had actual or constructive knowledge of such peril in time, by the exercise of reasonable care, to avert the injury and that the injury was the result of their failure to exercise such care.

3. ———: ———: **Specific Acts.** Where specific acts of negligence are averred, recovery can be had on no other grounds.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*J. L. Minnis* and *Guthrie & Franklin* for appellant.

(1) Plaintiff's petition fails to state a cause of action. Gurley v. Railroad, 93 Mo. 445; Railroad v. Adams, 24 S. W. 839; Hennessey v. Railroad, 12 S. W. 608; Nivert v. Railroad, 232 Mo. 626. (2) The court should have required plaintiff to make her petition more definite, specific and certain. R. S. 1909, art. 5, chap. 21, sec. 1794; R. S. 1909, art. 5, chap. 21, sec. 1815; Gurley v. Land & L. S. Co., 163 Mo. 342; Rush v. Brown, 101 Mo. 589. (3) Defendant's demurrer at the close of plaintiff's evidence should have been sustained. Dyrcz v. Railroad, 238 Mo. 33, 141 S. W. 861; Newton v. Railroad, 152 Mo. App. 167; Waggoner v. Railroad, 152 Mo. App. 173; Veatch v. Railroad, 145 Mo. App. 232; Laun v. Railroad, 216 Mo. 563; Holland v. Railroad, 210 Mo. 338; Schmidt v. Railroad, 191 Mo. 215; Sanguinette v. Railroad, 196 Mo. 466; Gumm v. Railroad, 141 Mo. App. 306. (4) Plaintiff's petition states, if it states a cause of action at all, a common law action for negligence at a railroad crossing. It specifically states that deceased was in the exercise of due care and that he was killed by the negligence of the defendant. And while so pleading, the court instructed fully and plaintiff was permitted to recover under the humanitarian or last chance doc-

trine. This is error. The plaintiff must recover on the cause of action stated, if at all. Hufft v. Railroad, 222 Mo. 286; Black v. Railroad, 217 Mo. 672; Compton v. Railroad, 147 Mo. App. 414; Jacquin v. Cable Co., 57 Mo. App. 320. The evidence in this case shows conclusively that the last chance doctrine does not apply, even if it had been pleaded, which it was not. Newton v. Railroad, 152 Mo. App. 167; Waggoner v. Railroad, 152 Mo. App. 173; Veatch v. Railroad, 145 Mo. App. 232; Pennell v. Railroad, 153 Mo. App. 566.

*R. W. Burrow* and *Nat. M. Lacy* for respondent.

(1) Plaintiff's petition states a cause of action. Schneider v. Railroad, 75 Mo. 295; Mack v. Railroad, 77 Mo. 232; Sullivan v. Railroad, 97 Mo. 113; Page v. Railroad, 99 Mo. 400. (2) A motion to make a pleading more definite and certain is waived by answering over or participating in the trial, but the petition in this cause is good even as against such a motion. Page v. Railroad, 99 Mo. 400; Sauter v. Leveridge, 103 Mo. 615; Rinard v. Railroad, 164 Mo. 270; Dakin v. Mercantile Co., 197 Mo. 270.

JOHNSON, J.—Plaintiff, the widow of William L. Wilder, deceased, sued to recover damages for the death of her husband which she alleges was caused by the negligence of defendant in the operation of a train over a public crossing in the city of Macon. The answer, in effect, is a general traverse (Ramp v. Railway, 133 Mo. App. 700.) The trial resulted in a verdict and judgment for plaintiff in the sum of thirty-two hundred and fifty dollars and the cause is here on the appeal of defendant.

The death of plaintiff's husband occurred in the afternoon of September 28, 1910, within the corporate limits of the city of Macon at a place where several railroad tracks owned and operated by defendant crossed an east and west public street, or road, at

right angles. A locomotive headed south was switching back and forth at a time when Wilder approached the crossing from the east on horseback. He stopped to allow the train (which consisted of the engine and two freight cars and was backing north) to clear the crossing, and when the engine passed over the crossing and stopped at a point variously estimated at from four to ten feet north of the road, he proceeded to cross in front of the engine and his horse was on the crossing when the engine, without warning, started forward. Had the horse not become unruly, Wilder would have crossed in safety, but the horse became frightened, reared and plunged on the track and finally threw Wilder at a point thirty feet south of the middle of the road. Wilder fell on the pilot and made a prolonged and frantic but unsuccessful struggle to save himself. He emitted loud and terrified outcries but failed to attract the attention of the engine men. Finally, at a place over one hundred and fifty feet south of the middle of the wagon road, he was drawn under the wheels of the engine and killed. The speed of the engine did not exceed four or five miles per hour and there is evidence tending to show that at such speed the engine could have been stopped in from twenty-five to thirty-five feet. Evidently the engineer and fireman did not know of Wilder's peril and did not hear his outcries, though they were very loud, as their attention had been suffered to be diverted from the crossing. The failure of the engineer, who was seated on the west side of the cab, to see the horseman, no doubt, was due to the fact that owing to the obstruction of the boiler and the short distance the engine ran north of the road the horseman at no time was in the range of his vision, but there was nothing to prevent the fireman whose place was on the east side of the cab from seeing the horseman waiting near the track to cross as soon as the engine would allow him sufficient clearance. We have stated the principal facts of

the case in their phase most favorable to the cause of action asserted and now shall consider the question of their sufficiency to take the case to the jury.

We think the evidence justifies the inference as one of fact that had the operators of the engine been in the exercise of reasonable care they would have known of the presence of the horseman and would not have started the engine forward while he was in the very act of crossing and thereby imperiled his safety. This was a public crossing to the use of which Wilder's right was equal to that of defendant. Certainly with the engine at rest and, therefore, innocuous, the engineer should not have started forward without making a reasonable effort to ascertain whether or not he had a clear track. The fact that on account of the boiler head being in the way of his vision he could not see the crossing and the wagon road east of it gave him no right to assume that the way was clear. The fireman was in the east side of the cab where he could observe the conditions on that side of the track and considering that this was a public road crossing the duty of maintaining a reasonable lookout for danger devolved on both enginemen. To hold that in such case the engineer only is chargeable with the duty of looking ahead would be to hold, in effect, that a railroad company has a paramount right to the use of a public street and owes no duty to people rightfully using the crossing who are unfortunate enough to be on the blind side of the engineer. It is the duty of a railroad company to have eyes on both sides of the engine at such places and to make reasonable use of them.

But defendant argues, with much earnestness, that Wilder was guilty in law of contributory negligence. It has been iterated and reiterated by the appellate courts of this state that a railroad crossing, whether in the country or in a city, is a dangerous place—a danger signal of itself—and that travelers on the

public road must not essay to cross a railroad track without taking those precautions to insure their safety that would characterize the conduct of a reasonably careful and prudent person. Had Wilder attempted to cross ahead of a train moving towards the crossing and so close as to endanger his safety the cases cited by defendant would be applicable, but when he entered on the crossing the engine was at rest, was harmless and could not endanger him unless in disregard of their plain and obvious duty, the engineman started it forward. We think the inference is permissible that a reasonably careful and prudent person in the situation of Wilder would have assumed that the operators of the engine would not wantonly or recklessly injure him by starting up the engine when he was in plain view on the crossing. Under all the circumstances disclosed in the evidence the act of the engineer in starting and running blindly over the crossing exhibited a reckless disregard of the rights of the horseman and, therefore, was an act reasonable care could not anticipate. Wilder was not guilty of contributory negligence as a matter of law and we think his conduct was a proper subject for the jury to consider. The demurrer to the evidence was properly overruled.

Though the answer contains no sufficient plea of contributory negligence the cause was tried by the court and both parties on the theory that such negligence was one of the issues raised by the pleadings and in the instructions given at the request of plaintiff the cause was sent to the jury on two hypotheses, viz., first that the injury was caused by defendant's negligence while Wilder was in the exercise of due care for his own safety and, second, that should the jury believe that negligence of Wilder contributed to place him in a perilous position, still, plaintiff would be entitled to a verdict if the jury further believed that defendant saw or should have seen his peril in reasonable time to have saved him by stopping the engine.

The last of these hypotheses authorizes a recovery under what is known as the humanitarian doctrine and we concede the evidence is comprehensive enough to support a recovery on that hypothesis, but the trouble with the position of plaintiff is that the petition does not state the constitutive facts of such cause. The material allegations of the petition are as follows: "That on the 28th day of September, 1910, while the said William L. Wilder was in the act of crossing the defendant's said railroad at a public crossing in said city of Macon, Macon county, Missouri, and while in the exercise of due care on his part, the defendant by its agents, servants and employees while running and operating a locomotive and train of cars over its said railroad in said city and county, did so carelessly, negligently and heedlessly run, manage and conduct its said locomotive and train over its said railroad at and near said public crossing in said city and county, that by reason of said carelessness and negligence of defendant said locomotive and train of cars was caused to run against, strike and kill the said William L. Wilder."

It may be considered as settled in this state, though the Supreme Court has had difficulty with the subject, that "a case under the humanitarian doctrine and one for common law or statutory negligence are not so inconsistent that both cannot be stated in one count" of the petition. [Nivert v. Railroad, 232 Mo. 626; Shipley v. Met. St. Ry. Co., 144 Mo. App. 7.] The constitutive facts of a charge of negligence under the humanitarian rule are that the injured person was in a situation of peril; that the operators of the engine or car had actual or constructive knowledge of such peril in time, by the exercise of reasonable care to avert the injury and that the injury was the result of their failure to exercise such care. [Laun v. Railroad, 216 Mo. 563; Grout v. Railway, 125 Mo. App. 552.]

The petition fails to allege these facts, or their legal equivalent. No rule is better settled than that which holds a plaintiff to a recovery upon the specific acts of negligence averred and upon no other. Obviously the instructions enlarged upon the proper scope of the petition and authorized a verdict for plaintiff on an act of negligence not pleaded. This is reversible error. Accordingly the judgment is reversed and the cause remanded. All concur.