MYRA WHITE, Appellant, v. HARRY T. POWELL.—145 S. W. (2d) 375.

Division One, December 11, 1940.

*Eliot, Blayney & Bedal* for appellant.

*Bishop, Claiborne & Heneghan* for respondent.

1198

GANTT, J.—Action to recover $11,941 for personal injuries. The petition alleged that defendant negligently backed his automobile against her as she was crossing the street. The case was submitted to the jury on defendant's failure to warn that the automobile would be moved backward. Judgment for defendant and plaintiff appealed.

▓ After a general denial the answer alleged that whatever injuries plaintiff sustained were a direct result of her own negligence in failing to exercise ordinary care for her own safety. · This is not a plea of contributory negligence. [O'Donnell v. B. & O. Railroad Co., 324 Mo. 1097, 26 S. W. (2d) 929; Harrington v. Dunham, 273 Mo. 414, 202 S. W. 1066; Benjamin v. Ry. Co., 245 Mo. 598, 151 S. W. 91; Hanke v. City of St. Louis, 272 S. W. 933; Miller v. Engle, 185 Mo. App. 558, 172 S. W. 631; Cain v. Wintersteen, 144 Mo. App. 1, 128 S. W. 274; Ramp v. Ry. Co., 133 Mo. App. 700, 114 S. W. 59.] The authorities are reviewed in the O'Donnell case. The rulings of the Courts of Appeals in Crawshaw v. Mable, 52 S. W. (2d) 1029, and Cox v. Bondurant, 220 Mo. App. 948, 7 S. W. (2d) 403, to the contrary, are to that extent overruled.

▓ Plaintiff assigns error. Even so, defendant contends that the evidence did not authorize a submission of the case to the jury. The evidence tends to show the following:

Olive Street and Grand Avenue are intersecting streets in the City of St. Louis. Olive Street runs east and west, and Grand Avenue runs north and south. The eastbound street car tracks are on the south side of Olive Street, and the westbound street car tracks are on the north side of Olive Street. Automobiles were parked along the north side of Olive Street except in front of a driveway from the street to private property. Plaintiff was injured while crossing from the south side of Olive Street to this driveway, which led to the sidewalk. She was crossing the street about two hundred fifty feet west of the intersection.

As plaintiff proceeded from the south side of the street she looked to the west for approaching automobiles until she crossed the eastbound track. Thereafter she looked to the east and saw three automobiles approaching. They passed her traveling westward, and she proceeded northward. The first automobile passing the plaintiff was driven by the defendant, who was looking for parking space on the north side of the street. In passing he saw the driver of the parked automobile immediately east of the open driveway preparing to vacate that space. Thereupon he stopped his automobile about three car lengths west of said automobile. After the automobiles following him had passed, defendant, without warning, backed his automobile against the plaintiff, who had not noticed defendant's car.

On this evidence, and under Sec. 7775, R. S. 1929, the jury could find that defendant, in the exercise of the "highest degree of care," should have sounded a warning before moving the automobile backward. Furthermore, there was no evidence tending to show that plaintiff knew or had reason to believe that a passing automobile would be stopped west of the private driveway and moved backward. She was looking eastward for approaching automobiles and was not guilty of contributory negligence as a matter of law. The case was properly submitted to the jury.

■ Plaintiff assigns error on an instruction. The court instructed the jury that a failure to exercise the "highest degree of care" constituted negligence as that term is used in these instructions. The court also instructed the jury that a failure to exercise "ordinary care" constituted negligence as that term is used in these instructions.

Absent an issue of contributory negligence, and on this record, it was error to give an "ordinary care" instruction. Defendant argues that the error was harmless. We do not think so. The jury was confronted with different definitions of "Negligence." In other words, the instructions were in direct conflict, and the instruction defining negligence as the failure to exercise "ordinary care" was prejudicial. [Woods v. Ogden, 102 S. W. (2d) 648.]

The judgment is reversed and the cause remanded. All concur.