Chloe JOURNAGAN, Administratrix of the Estate of Patricia June Dowell, Deceased, Appellant,

v.

Perrin D. McELROY, as Personal Representative of the Estate of August E. Olson, Deceased, Respondent.

No. 47736.

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

Motion for Rehearing or to Transfer to Court En Banc Denied.
July 11, 1960.

Timothy D. O'Leary, and Thos. J. Conway, Jr., Kansas City, for appellant. Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel.

George M. Winger, and Howard L. Swartzman, Kansas City, for respondent. Smith, Schwegler & Swartzman, Kansas City, of counsel.

COIL, Commissioner.

Patricia Dowell lost her life in an elevator accident and her administratrix brought this action for $25,000 as damages for wrongful death. The defendant below was Perrin McElroy, as the personal representative of the estate of August Olson who was the elevator operator and who also was killed in the accident. A jury returned a defendant's verdict and plaintiff has appealed from the ensuing judgment.

Patricia was a student at Kansas City's Junior College and on February 19, 1957, she rode to the subbasement in one of the school elevators being operated by August Olson. Patricia, who was crippled and used Canadian crutches to assist her in walking, started to step from the elevator to the subbasement floor. She had reached a position in which her feet were on the elevator floor and the crutches on the subbasement floor when the elevator began to ascend. The only eyewitness said that Mr. Olson grabbed for Patricia in an attempt to pull her back into the elevator cage, but both Patricia and Mr. Olson were pinned between the elevator floor and the roof of the subbasement and both lost their lives as a result.

There was evidence that Mr. Olson was, on February 19, 1957, and for some time prior thereto had been, head custodian at the Junior College and, among other things, was supposed to report any malfunctioning of the elevators directly to the office of the director of repairs for the Kansas City School District. On February 18, 1957, the day preceding the date of the fatal accident, a passenger in the same elevator was about to step onto the basement floor when the elevator began to ascend against and despite the efforts of the operator. George Laury, the operator, closed the door, tried to stop the elevator by manipulating a switch, but it continued to ascend to the top (5th floor) of the shaft, gaining speed as it went. Laury left the elevator, attempted unsuccessfully to find Mr. Olson and reported the malfunctioning to Mr.

Hipp, an assistant custodian. On that same day, Mr. Hipp had had the elevator "slip on me possibly a half a story," that is, it went up one-half story, so he reported both incidents to Mr. Olson who said that he would take care of it. No report of the malfunctioning of the elevator was made to the office of the director of repairs on February 18 or February 19.

Plaintiff adduced evidence as to the cause of the malfunctioning of the elevator at the time of the casualty, but inasmuch as there is no present issue which requires any detailed explanation, suffice to say generally that the malfunctioning was caused by the combination of a defectively adjusted brake shoe in the elevator mechanism located in the "penthouse" and the fact that a power switch in the elevator cage was erroneously in an "off" position.

Plaintiff's only verdict-directing instruction (number 1) submitted whether Mr. Olson was negligent in failing to report the malfunctioning of the elevator on February 18 to the superintendent of repairs and in accepting Patricia as an elevator passenger on February 19. While other facts were hypothesized, the foregoing were the *only* specifications of negligence submitted.

Defendant gave instruction 4, which was:

"The Court instructs the jury that if you find from the evidence that on February 19, 1957, August E. Olson, deceased, was operating the north passenger elevator located at the Junior College Building at 3845 McGee Street, Kansas City, Missouri, with Patricia Dowell as a passenger therein, if so, that said August E. Olson was taking her to the sub-basement level, if so, that said August E. Olson at all times prior to the time that said elevator reached the sub-basement level in said building exercised the highest degree of care in the operation of said elevator, if you so find, and if you further find that as Patricia June Dowell, deceased, was in the act of stepping from said elevator when it reached the sub-basement level of said building said elevator did then suddenly and without warning and without any negligence on the part of said August E. Olson, deceased, either at that moment or before the beginning of that trip, begin to ascend with its doors open, if you so find, and that by reason thereof said August E. Olson, deceased was faced with a sudden emergency, with no time to deliberate and calling for a decision under great mental stress or excitement, if you so find, then the Court instructs you that August E. Olson, deceased, was not required to exercise the same degree of care and judgment as would be required from him if he was called upon to act under normal conditions, and without any influence of great mental stress or excitement, but rather that said August E. Olson, deceased, was only required to exercise that degree of care that a very careful and prudent person would exercise under the same or similar emergency conditions, and if you find that said August E. Olson, deceased, did exercise such degree of care in such emergency conditions in attempting to stop said elevator and prevent the injuries sustained by Patricia June Dowell, deceased, by turning the emergency switch on the elevator to an 'off' position, if you so find, then the Court instructs you that said August E. Olson, deceased, was not negligent as a matter of law, and your verdict must be for the defendant."

Plaintiff contends the trial court erred in giving the foregoing instruction. That contention must be sustained. The instruction is patently erroneous. Although instruction 1 authorized plaintiff to recover if Mr. Olson negligently failed to report the elevator's malfunctioning and negligently accepted Patricia as a passenger on the following day, instruction 4 completely ignored those submitted bases for plain-

tiff's recovery and mandatorily directed a verdict for defendant upon findings that the elevator began to ascend with its doors open and that thereafter Mr. Olson exercised reasonable care under the circumstances hypothesized in attempting to stop the elevator by turning its emergency switch to an "off" position. It is apparent that instruction 4 erroneously ignored the essential issues hypothesized in plaintiff's instruction and thereby circumscribed "the submissible and submitted factual bases for plaintiff's recovery." Phillips v. Vrooman, 361 Mo. 1098, 238 S.W.2d 355, 360 [8]; Johnson v. St. Louis Public Service Co., Mo., 255 S.W.2d 815, 816. The finding required by instruction 4 that Mr. Olson exercised reasonable care (under the emergency circumstances hypothesized) in doing what he did after the elevator started to ascend, was irrelevant to any issue submitted in plaintiff's verdict-directing instruction; and an affirmative finding by the jury of all the facts hypothesized in the instruction, unrelated as they were to the issues submitted by instruction 1, would not have entitled defendant to a verdict.

Defendant contends, however, that the language requiring the jury to find that Mr. Olson "at all times prior to the time that said elevator reached the sub-basement level * * * exercised the highest degree of care in the operation of said elevator" and to find that when Patricia was alighting, the elevator "suddenly and without warning and without any negligence on the part of said * * . * Olson * * * either at that moment or before the beginning of that trip," constituted a requirement that the jury absolve Olson of any and all negligence *including the negligence submitted in plaintiff's instruction 1*. It seems clear to us, however, that the above-quoted hypotheses of instruction 4 did not refer to Olson's negligence submitted in plaintiff's instruction (failure to report prior malfunctioning and accepting Patricia as a passenger) but referred only to Olson's negligence in the operation of the elevator. We are confident that a jury

would not understand from instruction 4 that before it properly could return a verdict for defendant it must have found that Mr. Olson was not negligent in the two respects submitted in plaintiff's instruction 1.

Defendant contends also that the irrelevant "emergency" hypothesized in the instruction was at worst only surplusage and thus nonprejudicial. Of course, even if an "emergency" hypothesis had been made relevant in some manner, the "emergency" submission in instruction 4 erroneously failed to require a finding that the sudden emergency was not caused or contributed to by the tortious conduct of Mr. Olson. Rohde v. St. Louis Public Service Co., Mo., 249 S.W.2d 417, 420 [1, 2]. But, in any event, and as we have heretofore indicated, the instruction was erroneous not only because an irrelevant "emergency" was incompletely hypothesized; it was erroneous also and primarily because a finding that Mr. Olson exercised reasonable care, taking into account the circumstances under which he acted, in what he did after the elevator began to ascend, did not entitle defendant to a verdict in view of the issues submitted in plaintiff's instruction.

Plaintiff contends further that the court erred in giving defendant's instruction 7 which combined a so-called "mere fact" instruction with a burden of proof instruction. It would serve no useful purpose to examine the instruction in the light of the attacks made upon it. In the event of a retrial, defendant will undoubtedly wish to reconsider and redraft his instruction 7 to make it conform to the requirements for such an instruction as indicated by this court's opinions in Citizens Bank of Festus v. Missouri Natural Gas Co., Mo., 314 S. W.2d 709, 714 [3], and Rittershouse v. City of Springfield, Mo., 319 S.W.2d 518, 520 [1] [2]. Plaintiff also contends that the trial court erred in unduly emphasizing plaintiff's burden of proof by giving two repetitious burden of proof instructions. Suffice to say that instructions 7 and 8 did unduly emphasize plaintiff's burden of proof

and without indicating whether they alone would have been reversibly erroneous, we think defendant will be well advised to offer one simple and concise burden of proof instruction.

The only other error assigned by plaintiff relates to the admission of evidence and the situation giving rise to the contention is not likely to recur in the event of a retrial.

Because of the error in giving instruction 4, the judgment is reversed and the case remanded for a new trial.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.