Meyer SPRITZ, Respondent,

v.

ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Appellant.

No. 48086.

Supreme Court of Missouri,

Division No. 2.

Jan. 9, 1961.

Donald W. Bird, St. Louis, for appellant.

George E. Sullivan, Milton R. Fox, Kenneth J. Downs and William L. Mason, Jr., St. Louis, for respondent.

BOHLING, Commissioner.

Meyer Spritz sued the St. Louis Public Service Company, a corporation, for $27,-956.54 on account of injuries and damages resulting from a collision between plaintiff's truck and defendant's motorbus. The jury returned a unanimous verdict for the defendant. Thereafter, the court sustained plaintiff's motion for a new trial because of error in giving instructions Nos. 2 and 7, requested by the defendant. Defendant has appealed from said order.

The evidence is in conflict but the facts are not complicated.

This collision occurred about 12:30 p. m. Saturday, April 26, 1958, in front of the A. C. K. Rebuilders Company, 2831 (on the north side of) Locust Street, St. Louis, Missouri. Locust Street, 42 feet wide, is a one-way street, divided into four lanes, for westbound traffic only. There were parking meters for parking cars on the south and "No parking in this block" signs on the north side of the street. Plaintiff testified that parking was permitted for commercial drivers on the north side of the street.

Plaintiff submitted his case under the "rear-end collision" doctrine. His theory was that defendant's "bus was at all times to the rear of" his truck before the bus overtook the truck and hit it in the rear. Defendant's theory was that the two motor vehicles came alongside of each other before the collision, the bus in the curb and the truck in the second lane; that plaintiff increased the speed of the truck; that the front but not the rear half of the truck got ahead of the bus; that plaintiff pulled his truck to the right into the path of the bus; and that the right rear side of the truck sideswiped the left front end of the bus.

Plaintiff, driving a Dodge panel truck, a commercial vehicle, entered Locust Street at 20th Street, intending to stop at the A. C.K. place of business, which is about 125 to 150 feet west of Leffingwell Street in the 2800 block. He testified he was westbound,

8 or 10 feet south of the north curb, practically about the second lane, and traveling 26 to 28 miles per hour. He started slackening speed upon passing Leffingwell and was traveling 10 to 15 m. p. h. when about 50 feet east of the A.C.K. building. He then "glided over towards the curb" in front of the A.C.K. building. As he was pulling in, he "came to slow down to pull right on the side, and it didn't take over two seconds" and all of a sudden he heard a squeak and felt a jolt. His truck was then about 6 feet south of the curb. He stated the right rear panel of the truck and the left front bumper of the bus came in contact, "and when he broke loose, I pulled all the way towards the curb"; that his truck was caused to move 10 to 12 feet to the west, stopping with its front end west of the A.C.K. building, and about 6 to 8 feet from the curb, and the bus was 6 or 8 feet directly back of the truck. Joe J. Castulic, Jr., president of A.C.K. company, was looking out of the window and corroborated plaintiff in part.

Defendant's evidence was to the following effect. The four traffic lanes on Locust Street were divided by white painted lines. Defendant's bus traveled westwardly in the north lane of Locust, approximately 2 feet south of the curb, to the point of the collision after a stop two or three blocks east of Leffingwell. As the bus was crossing Leffingwell plaintiff's truck was in the second lane from the north curb a short distance ahead of the bus. Plaintiff slackened speed considerably and dropped back to where the truck's front end was even with or a little east of the front of the bus for a short distance. The truck was then only 2 feet south of the bus. The bus was moving between 20 and 25 m. p. h. The truck speeded up, began to move ahead of the bus, and when the middle of the truck was even with the front of the bus plaintiff started, cut, toward the curb, to his right, crowding the bus. The bus was 8½ feet wide. Its operator immediately applied his brakes, sounded his horn, and moved a little closer to the north curb. The right rear of the truck, near the back end of the right rear fender and ahead of the truck bumper, came in contact with the left front corner of the bus, and after the collision the left front side of the bus bumper was bent forward, away from the bus. The bus stopped about 5 or 6 feet west of the A.C.K. building, and the truck some distance ahead of the bus. The bus operator and three or four passengers so testified as to the movements of the two vehicles.

The complaint against instruction No. 2 is that it assumed there was a time when the middle of the right side of the plaintiff's truck was even with the front bumper of defendant's motorbus.

Plaintiff's verdict directing instruction submitted, so far as material here, findings that plaintiff's panel truck and defendant's motorbus were westbound in the 2800 block of Locust Street; "that the said bus was at all times to the rear of the panel truck"; that the bus overtook the panel truck; that the bus operator allowed the bus to collide with the rear portion of the truck, and thereby failed to exercise the highest degree of care, et cetera.

Defendant's questioned instruction submitted, so far as material here, findings from the credibile evidence "that on the occasion mentioned in the evidence Locust Street was divided into three or more clearly marked traffic lanes, and if you find that plaintiff was driving his truck westwardly on Locust Street in the second traffic lane from the north curb at a speed of approximately 25 miles per hour, and if you find that the westbound motorbus mentioned in the evidence was traveling in the traffic lane next to the north curb of Locust Avenue at a speed of 20 to 25 miles per hour approximately 2 feet to the right of said truck, and if you find that at a time when the middle of the right side of said truck was even with the front bumper of said motorbus the plaintiff turned said truck to the right and into the traffic lane occupied by said motor-

bus and thereby caused said truck to come into collision with said motorbus," et cetera, including findings of contributory negligence and causal relation.

■ Prejudicial error generally results from giving an instruction which assumes a controverted material fact. Taylor v. Kansas City, 342 Mo. 109, 112 S.W.2d 562, 567 [8, 9] (instruction assumed the existence of an "abrupt" slope into a manhole in a sidewalk); George v. Allen, 362 Mo. 971, 245 S.W.2d 848, 850 [4] (instruction submitting that a motorist "could not * * * have slowed down more than he did" assumed that he did slow down). Sollars v. Atchison, T. & S. F. Ry. Co., 239 Mo.App. 410, 187 S.W.2d 513, after reviewing a number of cases, points out (518) that many of the cases involving a like issue are borderline cases and are difficult to reconcile.

■■ We assume that a jury is composed of ordinarily intelligent men; and the test of the correctness of an instruction rests in whether the average juror will correctly understand therefrom the applicable rules of law. Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, 545 [5, 6]; Knapp v. Hanley, 153 Mo.App. 169, 132 S.W. 747, 748; Gould v. M. F. A. Mut. Ins. Co., Mo. App., 331 S.W.2d 663, 671 [15], citing cases. An instruction is to be considered as a whole and an independent phrase or clause should not be considered apart from its context. The Lewis case, supra, 166 S.W. 2d 545 [7].

Plaintiff states his evidence was that his truck was always directly in front of defendant's bus. He testified that he traveled 8 or 10 feet south of the north curb; that the left front bumper of the bus struck the right rear panel of his truck when his truck was about 6 feet south of the north curb. He admitted he glided over, pulled right, to stop at the A.C.K. building.

Defendant's evidence on the other hand was that the two vehicles traveled alongside each other for a short distance; that plaintiff speeded up as he approached the A.C. K. building and, before his truck had sufficiently cleared defendant's bus, started, cut, to his right, and that such action caused the side of the truck in front of the right rear bumper to sideswipe the left front of the bus.

■ Defendant's instruction is not a model. Separate submissions of each fact would have been proper. However, the instruction required, and authorized a defendant's verdict only upon, factual findings that plaintiff's truck was in the second lane, traveling about 25 m. p. h., and defendant's bus was traveling about 20 to 25 m. p. h. in the north, the curb, lane approximately 2 feet to the right of said truck, and thereafter an additional finding that at a time when the middle of said truck was even with the front bumper of said bus plaintiff turned said truck to the right into the traffic lane of said bus. (Plaintiff admitted he glided, pulled to the right.) A finding of the submitted facts precluded a finding that plaintiff's truck was at all times directly in front of defendant's bus, the material controverted issue. The facts and issues involved were simple, clear cut, easily understood and within the knowledge of an intelligent jury of the present day. See Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914, 918. Under the record before us the jury was to believe one of the two irreconcilable theories as to the position of the two vehicles during the short time and distance here involved. If they believed plaintiff's evidence that the truck was at all times in front of the bus, defendant's instruction did not preclude but impliedly authorized a plaintiff's verdict. We conclude under this record that the instruction did not mislead the jury and the jury understood it was to determine the fact in question. Consult Sollars v. Atchison, T. & S. F. Ry. Co., supra, 187 S.W.2d 513, 515 [1], and cases reviewed; Luechtefeld v. Marglous, Mo.App., 176 S.W.2d 674, 682 [16, 17]; American Spectacle Co. v. Denizet, Mo.App., 193 S.W. 939, 941 [2].

Defendant's instruction No. 7 read:

"The Court further instructs the jury that you are not permitted to base a verdict entirely and exclusively upon mere surmise, guesswork and speculation; and if upon the whole evidence in the case, fairly considered, you are not able to make a finding that the defendant was liable without resorting to surmise, guesswork and speculation outside of and beyond the scope of the evidence, and the reasonable inferences deductible therefrom, then it is your duty to, and you must, return a verdict for the defendant."

Plaintiff's complaint is against the use of the word "liable" in the instruction, stating all that was needed to make the instruction proper was the substitution of "negligent" for "liable." He points out that the term "negligence" is well understood and ordinarily need not be defined (State ex rel. Greer v. Cox, Mo., 274 S.W. 373, 376), but that "liable" sometimes means "bound or obligated in law or equity; responsible; answerable" (Homan v. Employers Reinsurance Corp., 345 Mo. 650, 136 S. W.2d 289, 298 [12], 127 A.L.R. 163). We find nothing decisive of the issue here presented in plaintiff's cases of White v. Powell, 346 Mo. 1195, 145 S.W.2d 375, 376 [3], or Journagan v. McElroy, Mo., 336 S.W.2d 692.

Like instructions have been before appellate courts of this state in, among others, West v. St. Louis Pub. Serv. Co., Mo., 236 S.W.2d 308, 312, 313; Blanford v. St. Louis Pub. Serv. Co., Mo., 266 S.W.2d 718, 723; Small v. Wegner, Mo., 267 S.W.2d 26, 30 [3], 50 A.L.R.2d 170; Stephens v. St. Louis Pub. Serv. Co., Mo., 276 S.W.2d 138, 144 [13, 14]; Guiterrez v. St. Joseph Light & P. Co., Mo.App., 294 S.W.2d 360, 364 [2]. These and other cases are reviewed in sustaining a substantially identical instruction using the term "negligent" in McCormack v. St. Louis Pub. Serv. Co., Mo., 337 S.W. 2d 918.

The word "liable" appears in the instructions in the West, Blanford, Small, Stephens, and Guiterrez cases. We agree with plaintiff that the issue was one of negligence and the word "negligent" instead of "liable" was the more appropriate, although in some instances "liable" may not be subject to valid criticism. The instruction was held "not misleading or confusing" in the Small case. Instructions given on behalf of plaintiff informed the jury that plaintiff met the burden of proof resting on him upon the jury's finding the facts as submitted in his instruction No. 1 from a preponderance or greater weight of the credible evidence in the case; and that the burden of proof with respect to the "issue of contributory negligence" and causal connection submitted in defendant's instruction No. 2 rested on the defendant. Reading all the instructions as a whole, a jury would understand that the issues submitted for determination were "negligence" on the part of defendant and "contributory negligence" on the part of plaintiff, and the term "liable" in instruction No. 7 had reference to the issue of "negligence" on the part of defendant. Orders granting plaintiff a new trial for error in like instructions were set aside and the verdicts and judgments for the defendants were ordered reinstated in the Blanford and McCormack cases, supra.

We conclude that under the record before us the questioned instructions did not mislead the jury. Accordingly, the order granting plaintiff a new trial is set aside and the cause is remanded with directions to reinstate defendant's verdict and judgment.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.